CROWELL *v.* JOHNSON.

## Crowell v. Johnson.

ATTACHMENT: *Affidavit.* In a collateral action, in which the title acquired through a sale based on an order of sale and an order of attachment is drawn in question, the objection, that the affidavit upon which the attachment issued had no venue, will not be entertained.

——: *The order.* In such action, a writ duly issued by the clerk, under the seal of the Court, directed to the sheriff, running in the name of the Territory of Nebraska, commanding the officer to attach the goods and chattels, lands and tenements, of the defendant, sufficient to satisfy a sum named, — being the sum mentioned in the affidavit, and costs of seizure, — and also commanding him to safely keep the same to abide the order of the Court, and summon all proper parties as garnishees, and also the defendant, to answer the plaintiff's petition, cannot be disregarded, but will be held sufficient to support the jurisdiction of the Court and its judgment thereon.

——: *Affidavit for publication.* And the same rule will be applied in respect of the affidavit for publication of notice of the pendency of the suit. The Court obtains jurisdiction by the levy of the attachment; and subsequent irregularities render the judgment in a proper proceeding voidable, but not void.

——: *Judgment.* In a collateral action, a judgment in attachment which recites a finding of a certain sum due the plaintiff, and runs against the property attached on the provisional order, and directs its sale, and does not run against the defendant personally, is not void.

——: *Confirmation.* All questions which may be raised upon the proceedings of the sheriff in executing the order of sale are concluded by the confirmation, and cannot be opened in a collateral action.

This was an action of ejectment, in which both parties derived title from one Dawley, — the plaintiff by deed from him, and the defendant by virtue of a judicial title acquired in proceedings against him. These proceedings were in an action, brought in 1863, while Nebraska was

a Territory, in attachment, by one Phillips against Dawley. The affidavit for the attachment was without a venue, and the writ was in these words: —

TERRITORY OF NEBRASKA, COUNTY OF BURT, *ss.*

*To the sheriff of said county, greeting:* —

In the name of the Territory of Nebraska, you are hereby commanded to attach the goods and chattels, lands and tenements, of J. E. Dawley, in your county, of value sufficient to pay to W. L. Dawley the sum of five hundred and ninety dollars, which the said W. L. Phillips claims as due him from the said J. E. Dawley, together with all costs accrued and to accrue on the seizure; and the property so attached in your hands to retain possession of the same, to abide the order of the Court in the premises, or until it be otherwise legally discharged; and, if property sufficient cannot be found, that you summon all such persons in your county as the plaintiff, his agent or attorney, shall direct as garnishees, to appear on the first day of the next term of the District Court to answer such interrogatories as may be propounded to them; and that you also summon the said J. E. Dawley, if to be found in your county, to be and appear before the District Court in and for said county on the second day of April term thereof, to be held in Tekama on the first Monday in April, A.D. 1863, to answer to the petition of the said W. L. Phillips; and have you then and there this writ, and the manner in which you execute the same.

[L.S.]                              Witness my hand, &c.

The contents of an order of attachment are prescribed in sect. 201 of the Code as follows: —

"Sect. 201. — The order of attachment shall be directed and delivered to the sheriff. It shall require him

to attach the lands, tenements, goods, chattels, stocks, or interests in stocks, rights, credits, moneys, and effects, of the defendant in his county, not exempt by law from being applied to the payment of the plaintiff's claim, or so much thereof as will satisfy the plaintiff's claim, to be stated in the order as in the affidavit, and the probable costs of the action not exceeding fifty dollars."

Sect. 203 provides that "the return-day of the order of attachment, when issued at the commencement of the action, shall be the same as that of the summons: when issued afterwards, it shall be twenty days after it issued."

By sect. 66 the return-day of a summons is the second Monday after its date.

The judgment being for the defendant, the plaintiff filed this petition in error.

*E. F. Gray*, for plaintiff in error.

I. In the case of *Phillips* v. *Dawley*, the affidavit for attachment is without a venue, or any thing to show it was taken within the jurisdiction of the officer.

The officer's jurisdiction being local, the affidavit for attachment must show where the same is taken, else the affidavit will be a nullity. *Lane* v. *Morse*, 6 *Howard's Prac. Reports*, 394; *Cook* v. *Staats*, 18 *Barbour (N. Y.)*, 407; *Towsley* v. *McDonald*, 32 *Barbour (N. Y.)*, 604; *Whitney* v. *Brunette*, 15 *Wisconsin*, 61; *Ladow* v. *Grooms*, 1 *Denio*, 429; *Drake on Attachments*, sect. 88; 1 *Vansanford's Equity Prac.*, page 419.

The writ under which the attachment was made is a mongrel order of attachment and summons, combining some of the requisites of both, but not all of the essential requisites of either.

It is made returnable, and defendant is required to answer, on the second day of the April term, 1863; and

CROWELL v. JOHNSON.

was issued the eleventh day of September, 1863. It should have been made returnable on the second Monday after its issue (*Statutes of* 1858, page 138, sect. 195; *Statutes of* 1859, page 92, sect. 5), and have required the defendant to answer on the third Monday after the return-day. *Statutes of* 1859, page 92, sect. 6. Besides, the return and answer day of this writ is a date anterior to the issue of the same. The writ is a nullity. *Rattan et al.* v. *Stone et al.*, 3 *Scammon's Illinois Reports*, 540; *Hildreth* v. *Hough et al.*, 20 *Illinois*, 332; *Whitney* v. *Brunette*, 15 *Wisconsin*, 68.

II. The affidavit for publication was not sworn to, there being no signature to the jurat: therefore the affidavit is a nullity. *Ladow* v. *Grooms*, 1 *Denio*, 429; 3 *Cain*, 128; *Jackson* v. *Vanbuskirk:* this case is re-ferred to in 8 *Georgia*, 521. The notice is of no effect, unless based upon a proper affidavit. *Cook* v. *Farren*, 34 *Barbour* (*N. Y.*), 95; *Towsley* v. *McDonald*, 32 *Barbour* (*N. Y.*), 604; 1 *Vansan. Equ. Prac.*, page 421; *Berdsong* v. *McLaren*, 8 *Georgia*, 521. Defendant's assumption, that the clerk wrote and signed an order on the same paper with the affidavit, is not supported by the transcript or any other evidence.

III. The notice requires an answer on the second Monday after the last publication: it should have been fixed for the third Monday after the last publication. *Statutes of* 1859, page 92, sect. 6. Judgment could not be rendered without compliance with the statute. *Howard* v. *McCrary*, 33 *Illinois*, 464; *Hodson* v. *Tibbets*, 16 *Iowa*, 97.

IV. The judgment is rendered against the property attached, instead of being rendered against the defendant, and then ordering the property sold to satisfy it.

The form of judgment is the same in an attachment suit as in any other, and that, too, whether there be a

CROWELL v. JOHNSON.

personal service or not. *Young* v. *Campbell et al.*, 5 *Gilman's Rep.* (*Ill.*), page 83; *Nash's Pleadings and Practice; Form of Judgment in Attachment of Real Property*, page 435; 2 *Abbott's Pleadings and Practice*, (*N. Y.*), page 520.

· Judgment must be distinctly rendered and formally entered, or it will not support an order of sale. *Lincoln* v. *Cross*, 11 *Wisconsin*, 91; 32 *Barbour* (*N. Y.*), 271.

V. The order of sale refers to a judgment rendered against the defendant Dawley: there being no such judgment, the order of sale is itself a nullity. 32 *Barbour* (*N. Y.*), 271.

The notice of sale was published in a paper published in Douglas County for four weeks only, instead of thirty days; and only four notices were posted, instead of six; and none posted at the court-house door. The confirmation does not cure these fatal defects. *Minnesota Co.* v. *St. Paul Co.*, 2 *Wallace*, 609; *Shreves, Lessee*, v. *Lyons*, 640; *Gray* v. *Brig Wardello*, 2 *Howard* (*U. S.*), 43; 1 *Wallace*, 627; *Shelton* v. *Tiffin*, 6 *Howard* (*U. S.*), 163; *Wellington* v. *Gale*, 13 *Massachusetts*, 482; *Russel* v. *Dyer*, 40 *New Hampshire*, 173; *Olcott* v. *Robinson*, 21 *New York*, 150; *Statutes of* 1858, page 182, sect. 450.

*I. S. Monk*, for defendant in error.

If the jurisdiction of the Court once attached, subsequent irregularities would not render the judgment void: it would remain valid until reversed, and cannot be impeached collaterally.

The filing of the proper affidavit, issuing the writ and attaching the property, gives the Court jurisdiction in attachment cases; and notice to the defendant by publication is not essential to the jurisdiction. *Drake*

CROWELL *v.* JOHNSON.

*on Attachment,* sects. 447 and 448, and cases there cited; *Paine* v. *Moorland,* 15 *Ohio,* 435; *Beech* v. *Abbott,* 6 *Vermont,* 586; 3 *Denio,* 167; 3 *Wisconsin,* 773; 38 *N. H.,* 171.

The law presumes that the clerk administered the oath in the proper county. *Snell* v. *Echerson,* 8 *Iowa,* 284. The authority of the clerk is supplied by implication from the balance of the record. *Drake on Attachment,* sect. 91, and cases there cited; 3 *Scammon,* 576; 7 *Porter,* 483; 3 *Ala.,* 709.

This affidavit, though not essential, is, however, sufficiently authenticated. The clerk, by writing an order for publication which was signed by him, immediately under it, and on the same paper, by the strongest implication certified that he acted upon the affidavit as one sworn to before himself. *Drake,* sect. 91; 12 *La.,* 132.

In attachment proceedings, the writ of attachment is the process, the service of which confers jurisdiction over the property (15 *Ohio,* 435); and its sufficiency cannot be questioned in this collateral manner. A judgment rendered on defective service of process, or on the service of defective process, is not void. It is only where no service is made, or attempted to be made, that the judgment is void. In one case there is nothing to call the jurisdiction of the Court into exercise: in the other it is authorized and required to decide upon the existence of the facts which confer jurisdiction; and its ruling in favor of its own jurisdiction cannot be collaterally assailed. 3 *Clarke (Iowa),* 114; 4 *id.,* 77; 12 *Iowa,* 204; 14 *id.,* 309; 17 *id.,* 107; 37 *Missouri,* 307; 2 *Howard ( U. S.),* 342; 13 *Mass.,* 162.

The form of the judgment is substantially correct; and it cannot be attacked for informality in this action. 11 *Iowa,* 166.

CROWELL *v.* JOHNSON.

In an action of right, the purchaser at sheriff's sale need not show any other title than the judgment, execution, and sheriff's deed; and such title cannot be controverted by the execution debtor, or any one claiming under him; and such purchaser is not effected by any error or irregularity in the judgment or execution, nor by any irregularity or omission of the sheriff in advertising and conducting the sale. *Cooper* v. *Galbraith,* 3 *Wash. C. C.,* 546; *Wheaton* v. *Sexton,* 4 *Wheat.,* 503; 4 *Scammon,* 364; 3 *id.,* 107; 1 *Clarke (Iowa),* 307; 1 *Cowen,* 711; 8 *Cowen,* 192; 8 *Johnson,* 361; 12 *id.,* 213; 20 *id.,* 338; 13 *id.,* 97; 9 *Ohio,* 19; 3 *id.,* 188 and 553; 19 *Ala.,* 188. Irregularities are cured by confirmation of sale.

A *bona-fide* purchaser, even though he be the execution plaintiff, is not effected by any irregularity or omission of the sheriff in advertising or conducting the sale. *Saunders's Heirs* v. *Norton,* 4 *Monroe,* 465; *Correll* v. *Ham,* 4 *Greene (Iowa),* 455; 1 *Clarke (Iowa),* 307.

LAKE, J.

This is a proceeding in error to reverse the judgment of the District Court for Burt County, rendered in favor of the defendant in error upon the facts found by the Court, a jury having been waived by the parties.

The action in the Court below was brought to recover the possession of certain real estate to which both parties claimed the legal title, and both derived their pretended ownership from a common source.

The plaintiff's claim is based upon several conveyances from James E. Dawley, and Helen S. Dawley his wife, to himself, bearing date the 27th of April, 1869. The defendant rests his claim to title upon the sale of the premises by the sheriff of Burt County, in pursu-

CROWELL v. JOHNSON.

ance of an order of the District Court, made in a case wherein one William L. Phillips was plaintiff, and said James E. Dawley was defendant, in which action said premises had been taken by attachment. This suit of attachment was commenced in December, 1863: final judgment, and order of sale, were entered April 17, 1864, and the sale actually made by the sheriff on the sixth day of June following, the plaintiff Phillips being the purchaser. On the sixth day of June, 1865, the sale was confirmed; but the sheriff's deed was not made to the purchaser until the 9th of November, 1869. The defendant is a purchaser from Phillips, by deed bearing date of Aug. 12, 1868; and is in possession.

On the trial of the cause, very many questions were raised by the plaintiff, by objections to defendant's testimony. The several objections and exceptions are, however, so imperfectly preserved, that but for the fact that the respective counsel have seen fit to treat them as explicit, and have in their briefs very clearly presented the real points in dispute, we should be inclined to affirm the judgment without any examination of the alleged errors.

It is objected to the title under which the defendant holds the lands, that the Court never acquired jurisdiction of the property; that the proceedings are merely void, and therefore the sheriff's deed to Phillips conveyed nothing.

The first point urged in support of this position is, that the affidavit for the order of attachment has no venue; that it does not appear that the officer taking it acted within his territorial jurisdiction.

This objection cannot be sustained. The affidavit was sworn to before the clerk of the Court in which the action was pending; and it will be presumed that the clerk administered the oath in the proper county. *Snell*

v. *Echerson*, 8 *Iowa*, 284. This objection, and also that taken to the form of the order of attachment, only show at most that the proceedings in these respects were erroneous, which can avail nothing to the plaintiff in this collateral action. They are only errors committed by a court which had jurisdiction of the subject of the suit, and was fully authorized to render the judgment, and make all necessary orders for its enforcement. These proceedings can be assailed, — not, as here attempted, collaterally, but only by a proceeding brought directly for the purpose of setting them aside. *Lessee of Paine* v. *Moreland*, 15 *Ohio*, 435 ; *Martin et al.* v. *Barrow*, 37 *Mo.*, 301 ; *Shawhan et al.* v. *Leffer*, 24 *Iowa*, 217.

The same may be said of the objection that the record fails to show that a proper affidavit for service by publication was made.

In the case of the *Lessee of Paine* v. *Moreland*, above cited, Judge Reed, delivering the opinion of the Court, said, " Are the proceedings in attachment void ? It is contended that they are void, because no notice of the pendency of the attachment was given as required by the statute. If the jurisdiction of the Court once attached, subsequent irregularities would render the judgment voidable only ; and it would remain valid until reversed, and cannot be impeached collaterally."

So here we find that the Court had acquired jurisdiction of the property *by the levy of the order of attachment thereon*. The necessary affidavit for the attachment had been filed, and order duly issued and levied, whereby the property of the debtor was taken from him, and placed in the custody of the law.

Now, all this may be done on the very day the action is commenced, and before any notice is given to the defendant. Thus far, it is strictly a proceeding *in rem ;* and the want of notice to the debtor can have no effect

CROWELL v. JOHNSON.

whatever. But the law regards it but just to the defendant that he be notified of the proceeding against his property, and provides that notice shall be given to him. If he be within the jurisdiction of the Court, the notice must be personal; but if, as here, he be a non-resident, beyond the jurisdiction of the Court, such notice may be given by publication. In either case, to be valid, it must conform substantially to the requirements of the statute. But, should it fail to do so, the proceeding is of course voidable, but not void. It may be reversed in a proceeding instituted for that purpose; but it cannot be assailed collaterally. The rule is the same, whether the notice be personal by the service of a summons, or constructive by publishing the same in a newspaper.

But it is urged, with considerable earnestness, that the final judgment will not support the order of sale, it being in form rendered against the property instead of the defendant. After reciting the facts found by the Court, among which is, " that the said defendant is indebted to the said plaintiff in the sum of $612\frac{25}{100}$, and it appearing that an attachment has been issued against the property of the defendant, &c., it is therefore ordered and adjudged that the plaintiff have and recover a judgment against the said attached property for the sum of $612\frac{25}{100}$ damages, and the further sum of $15\frac{10}{100}$ costs of suit. And it is further ordered and adjudged that an order of sale be issued by the clerk of this court, directed to the sheriff of said county, commanding him to sell so much of said property, land, and tenements, heretofore attached herein, as shall be necessary to satisfy the said claim of the said plaintiff, and the money arising therefrom be applied to satisfy said judgment and costs; and that any surplus that may remain be returned to the said defendant."

CROWELL *v.* JOHNSON.

·The judgment would certainly have been more formal had it run directly against the defendant by name. It is customary so to render it ; and this unquestionably is the better course. But, taking the whole entry together, I think the judgment is made sufficiently certain. It first finds the amount due from the defendant to the plaintiff, and adjudges the same in his favor, to be paid from the proceeds of the attached property which was then in custody of the law. It may be considered as quite informal ; but I do not consider it erroneous, much less void.

In *Vangeazel* v. *Hillyard*, 1 *Harrington* (*Del.*), 515, it is held that a judgment in this form is valid : " It being found that John Vangeazel, the defendant, is indebted to Robert Hillyard, the plaintiff, $78$\frac{7}{100}$. Wherefore judgment is rendered against John Vangeazel, the defendant, for $78.07 debt and $1.90 costs of suit." It was objected that there was a want of certainty as to whom the judgment was in favor of ; but the Court held it to be sufficiently certain by an inspection of the whole record, and refused, therefore, to disturb it.

It is wholly unnecessary to go further, inasmuch as the only remaining objections relate solely to the proceedings of the sheriff in making the sale under the order of the Court. These questions were all fully considered, and finally disposed of, by the Court in the order of confirmation, and cannot here be reviewed. *Phillips* v. *Dawley*, 1 *Neb.*, 320.

We find no substantial error in the record ; and the judgment of the District Court is in all things affirmed.

Judgment affirmed.