HENRY GREBE, PLAINTIFF IN ERROR, V. RYLAND JONES AND OTHERS, DEFENDANTS IN ERROR.

1. **Attachment**: AFFIDAVIT. An affidavit for an attachment that states in effect a claim for which an attachment will lie; that it is just; the amount which the affiant believes the plaintiff ought to recover; and one or more of the grounds for an attachment, need not in addition state that the defendant has property within the jurisdiction of the court subject to attachment.

2. ———: UNDERTAKING. Where the ground of the attachment is that the defendant is a non-resident, no undertaking is required.

3. ———: RETURN ON WRIT. Where the return on the writ of attachment shows a levy upon the property, the calling of appraisers, the appraisement of the property, etc., and states that the appraisement is returned herewith but fails to describe the property levied upon, such description being fully stated in the appraisement, *Held*, That after judgment the return is sufficiently certain.

4. **An Affidavit for Publication** which states that service of summons cannot be made within the state on the defendant to be served by publication, and facts bringing the case within section 77 of the code, is sufficient without referring to that section.

5. **Publication**: NOTICE: DESCRIPTION OF PROPERTY. Where the description of attached property in a notice by publication includes the property attached, it is not void, although the description be in general terms.

ERROR to the district court for Douglas county. Tried below before Neville J.

*Manderson & Congdon, Clarkson & Hunt,* and *James W. Savage,* for plaintiff in error, cited: *Morris v. Trustees,* 15 Ill., 266. *Cooper v. Reynolds,* 10 Wall., 308. *Davenport v. Lacon,* 17 Conn., 278. *Williams v. Stewart,* 3 Wis., 777. Freeman on Judgts., § 126. Drake on Attach., §§ 447, 448. *Crowell v. Johnson,* 2 Neb., 146. *Lessee of Mitchell v. Eyster,* 7 Ohio, 257. *Lessee of Parker v. Miller,* 9 Ohio, 113. *More v. Thayer,* 10 Barb.,

258. *Lessee of Adams v. Jeffries,* 12 Ohio, 272. *Voorhees v. Bank of U. S.,* 10 Peters, 449.

*G. W. Shields* and *J. C. Cowin,* for defendant in error Pier, cited: Civil Code, §§ 198, 199, 200, 211. *McGavock v. Pollock,* 13 Neb., 535. Freeman on Judgments, 527. Wade on Notice, 1035, 1037. *Atkins v. Atkins,* 9 Neb., 199. *Blair v. West Point Mfg. Co.,* 7 Neb., 152. *Claypool v. Houston,* 12 Kan., 324. *Moses v. McKim,* 2 Western Law Monthly, 15. *Lawler v. Whetts,* 1 Handy, 39. *Thatcher v. Powell,* 6 Wheat., 119. *Wescott v. Archer,* 12 Neb., 347.

MAXWELL, J.

On the 30th day of November, 1872, the plaintiff recovered a judgment against the defendants in the district court of Douglas county for the sum of $1,083.26 and costs. The action was brought upon a joint obligation, and the defendants being non-residents of the state, an attachment was levied upon lands in Douglas county belonging to Pier, and service was had by publication. In December, 1882, Pier filed a motion in said court to set aside the judgment for want of jurisdiction in the court rendering it. The motion was sustained, to which the plaintiff excepted, and now assigns the ruling on the motion for error.

The first objection to the validity of the judgment is that the affidavit for the attachment is fatally defective in not stating that the defendants had property in this state subject to attachment.

Sec. 199 of the Code provides that an affidavit for an attachment may be made by the plaintiff, his agent, or attorney, showing the nature of the plaintiff's claim; that it is just; the amount which the affiant believes the plaintiff ought to recover; and some one of the grounds for an attachment enumerated in section 198.

The affidavit for an attachment complies with these requirements and is sufficient. It is unnecessary that it should contain a statement that the defendant has property in the state.

*Second.* That no bond was filed. One of the grounds for the attachment against Pier was that he was a non-resident of the state, and this under our statute is a ground of attachment, no bond being required.

*Third.* That the return does not describe the property. The return, among other things, contains the following statement: "Received this writ June 18th, 1872, and on the next day I went to the places where the within named defendant Pier's property was, and there in presence of F. X. Dillon and P. H. Reed, two residents of said county, I did declare that by virtue of this writ, I attached said property at the suit of Henry Grebe, sheriff, and then and there, together with said residents, who were first duly sworn, I made a true and impartial appraisement of the property attached, and said appraisement duly signed is herewith returned," etc.

The appraisement contains a full description of the property attached, and the return shows beyond question that the property described therein was the property levied upon. And in our opinion the description is sufficient. But even if it was not, the court, in furtherance of justice, even now would permit the return to be amended to conform to the facts. Such amendment, however, is unnecessary.

*Fourth.* It is urged that the affidavit was fatally defective for the reason that: 1, It fails to show that Pier was a non-resident of this state; 2, Because it fails to show that Grebe had a good cause of action against Pier; and 3, because it does not appear therein that the cause is one of those mentioned in sec. 77 of the Code. The affidavit was made by the attorney for Grebe and it is alleged therein "that service of summons cannot be made in the above entitled cause upon either of the above named defendants, Ryland

Jones, William H. Pier, and Patrick J. McNamara, in this state, all of said defendants being non-residents," etc.; "that the said defendants have in this county and state property which has been attached in the above entitled action," etc. The affidavit, while not as specific as to description of property attached as is desirable, was sufficient to authorize the publication of notice.

It is unnecessary to state a cause of action in the affidavit against the party sought to be served by publication. All that the statute requires is the oath of the plaintiff, his agent or attorney, that service of summons cannot be made within this state on the defendant or defendants to be served by publication, and that the case is one of those mentioned in sec. 77—that is, that the defendant to be served by publication has property within the jurisdiction of the court, in which the plaintiff claims an interest either by attachment or otherwise. When these facts are made to appear, service may be had by publication. As sufficient appears in the affidavit to show these facts it is not void.

The *fifth* objection is that the notice does not contain a description of the property attached. The notice is as follows: "To Ryland Jones, William H. Pier, and Patrick J. McNamara, non-resident defendants. Take notice that Henry Grebe, sheriff of Douglas county, Nebraska, plaintiff, did on the 18th day of June, 1872, file in the district court of the state of Nebraska, in and for Douglas county, his petition praying judgment against you for the sum of $985.22, and interest from Nov. 13th, 1871, and caused an attachment to be issued and levied upon your property in this state. Said action is brought upon an undertaking in replevin given in a certain action commenced in the above named court on the 12th day of April, 1870, by Ryland Jones against the above named plaintiff and signed by the above named defendants, in which said action judgment was rendered against the said Jones for the sum of $934.14 principal, and $51.08 costs.

You are required to answer said petition on or before October 28, 1872.

                    "T. W. T. RICHARDS,
                      "*Attorney for Plaintiff*."

In *Wescott v. Archer*, 12 Neb., 345, it was held that where an attachment is levied upon the property of a non-resident, and service of summons is not made upon him, the court possesses no power to render judgment against him and order a sale of his property to satisfy the same unless publication has been made as required by law, and that the notice should contain a description of the property attached. In the argument of that case it was strenuously contended by the attorneys for the defendant in error that no notice whatever was necessary; that the court by the levy of the attachment acquired jurisdiction, and without a hearing could condemn real estate, and transfer the latter from the actual owner to the purchaser under the attachment, citing in support thereof, *Paine v. Moreland*, 15 Ohio, 435. That notice of the pendency of an action against a non-resident, by which it is sought to divest him of his property and transfer it to another, must be given to him in some mode, there can be no doubt either upon principle or authority, and all that is said in *Wescott v. Archer* as to the necessity of such notice we fully adhere to. And it is good practice to describe the property attached; but if this is not done, but the defendant is notified that an action has been commenced in a court and county named, to recover judgment for a specified amount against him, and that his property has been attached in that action, it is pretty clear that the notice is not void. If the property attached is within the county where the action is pending, and the description in the notice, although general in its terms, includes the property in controversy, the notice is not void. In such case the description is sufficient to cover all the defendant's property in the county where the action is pending, and differs materially from a

case of misdescription. *Wescott v. Archer,* so far as it is
in conflict herewith as to a specific description of the prop-
erty attached, is overruled. We think the notice was suffi-
cient to give the court jurisdiction. The judgment must
therefore be reversed and the cause remanded for further
proceedings.

REVERSED AND REMANDED.

COBB, J., concurs.

A motion for a re-hearing was overruled at the January
term, 1884. COBB, CH. J. MAXWELL and REESE, J. J.,
concurring.

LAKE, CH. J., dissenting.

While I agree with my brethren, that the judgment of
the court below should be reversed, and, substantially,
with all that is said in the majority opinion on the first
four propositions, I most respectfully dissent from what is
said respecting the "fifth objection."

The struggle of the writer of that opinion to hold fast
to a remnant of the pernicious rule announced in *Wescott
v. Archer,* 12 Neb., 345, is lamentable and to be regretted,
as that decision is founded neither on the philosophy of
the code nor a correct principle of statutory construction.
If, under our system of procedure, such an action as was
there considered were commenced by an attachment of
property, the rule clung to with so much tenacity would
be reasonable. But such is not the case.

In this state all civil actions in the district courts are
commenced by filing a petition, and the issuing and service
of a summons on the defendant. And if personal service
cannot be given, it may in certain actions be made by a
publication of notice to the defendant, which serves the
purpose of an ordinary summons. Code of Civil Proced-
ure, §§ 62, 77. And such notice will be entirely con-
formable to the requirements of the statute if it contain a

"summary statement of the object and prayer of the petition, mention the court wherein it is filed, and notify the person or persons thus to be served, when they are required to answer."

Thus it is seen that all the statute requires of the notice in addition to the name of the court is, "the object and prayer of the petition." And what these are one would naturally suppose should be determined by reference to the petition itself. But who would expect to find in a petition for the recovery of a money judgment a statement that an order of attachment had been or would be issued and levied on a particular piece of property, or, indeed, on property generally, of the defendant.

Under our system of procedure an attachment, as a means of satisfying a judgment, is essentially a collateral proceeding, and being so, a defendant who is notified, either personally or constructively, of the commencement of the main action, has notice also, or rather is bound to take notice at his peril, of all steps subsequently taken therein, including the attachment of property.

Suppose for instance that A sues B for the recovery of a simple money judgment, both being residents of the same county. There is no thought then of an attachment of property in the action, for no cause therefor exists. After service of the summons upon him, and before any other step is taken in the case, B removes from the state and becomes a non-resident, which, under the statute, is a ground of attachment. Thereupon A, discovering that B has left property within the jurisdiction of the court, files an affidavit of B's non-residence, sues out an order of attachment, and has the property seized under it. Will it be contended in such case that B is entitled to a special notice, by publication or otherwise, of the attachment of his property to make it valid? And yet he has had no notice whatever of the attachment except such as followed from having been notified of the commencement of main action.

Suppose, again, that at the commencement of the action B was already a non-resident, and was served in the first instance by a notice having all the formality required in *Wescott v. Archer, supra,* of the attachment of a particular tract of land, to which, however, he pays no heed; afterwards, and before judgment, A discovers other attachable property belonging to B, which he causes to be seized under a second order in the same action; is a notice to B of this attachment essential to its validity?   I say not, and yet it would be under the rule of the majority of the court in *Wescott v. Archer* and of the opinion in this case.

I have said that the rule of *Wescott v. Archer* is pernicious, and it is so, even as modified in the majority opinion in this case, in this, that it not only invalidates a practice of our courts which before that case was decided had prevailed to a greater or less degree of not including in the notice of publication a description of the property seized, either particular or general, but also tends to stir up strife and litigation respecting titles to property, supposed to have been settled by that practice, which not only had the approval of the undivided opinion of this court in *Crowell v. Johnson,* 2 Neb., 146, but of the supreme court of Ohio (*Paine v. Moreland,* 15 Ohio, 435), under a statute not essentially different from our own.

For these and many other reasons that might be given, I feel compelled to dissent from so much of the majority opinion as is above indicated.