SELDON N. MERRIAM, APPELLEE, V. CORNELIUS COFFEE
AND OTHERS, APPELLANTS.

1. **Taxes:** ASSESSMENT: OATH OF ASSESSOR. Where the oath
of the assessor to an assessment roll is taken before the county
clerk, and the roll thereupon filed in his office, the want of venue
will not invalidate the oath, the presumption being that it was
administered within the officer's jurisdiction.

2. ———: ———: ———. Where the oath of the assessor re-
turned with the assessment roll is signed, but there is no evi-
dence that the oath was in fact taken by the assessor, the assess-
ment is invalid.

3. ———: ———: ———. Certain words interpolated into the
statutory oath, *Held*, Not to invalidate the assessment.

4. ———: ———: EVIDENCE. The signature of the county clerk
or his deputy to the jurat to an oath lawfully filed in his office
is presumed to be genuine, and no proof on that point *prima
facie* is required.

5. ———: OATH: SEAL. It is unnecessary for the county clerk or
his deputy to attest an oath taken before him and to be filed in
his office with the county seal.

6. **Oaths.** The revised statutes of 1866 authorized a county clerk
or his deputy to administer oaths or affirmations.

APPEAL from the district court of Cass county. Heard
below before POUND, J.

*Strode & Clark* and *A. Beeson*, for appellant.

*S. P. Vanatta*, for appellee.

MAXWELL, J.

The plaintiff purchased certain real estate at tax sale in
the year 1871 for the taxes due thereon for the year 1870.
He afterwards paid the taxes due on the land for the years
1871 and 1873. In March, 1874, he obtained a tax deed.
He now brings this action to foreclose his tax lien, alleg-

ing in his petition that the title acquired by the tax deed has failed. On the trial of the cause the court found the tax deed invalid, and rendered a decree canceling the same, and foreclosing the tax liens for 1870 and 1873. The defendants appeal.

The first objection is, that there is no venue to the oaths of the assessors which were attached to the assessment rolls, nothing to show in what county or state they were administered. An examination of the record shows that the oath for the year 1870 was taken before the deputy clerk of Cass county, and filed in the office of the county clerk. The presumption in such case is that the oath was administered within the jurisdiction of the officer. *Crowell v. Johnson*, 2 Neb., 146. *Miller v. Hurford*, 13 Neb., 23.

The assessment roll for Plattsmouth precinct for the year 1871 is duly signed by the assessor, but is not sworn to, and therefore fails to conform to the requirements of the statute. The taxes for 1871 therefore cannot be considered, and were not by the court below.

The assessment roll for that precinct for 1873 was duly sworn to, and the tax is valid.

Objection is made to the affidavit of the assessor for 1871, as not being in the form required by the statute. The following is a copy: "I, John Carruthers, precinct assessor in and for Plattsmouth precinct, in Cass county, Nebraska, do solemnly swear that the value of all property, moneys, credits, of which a statement has been made, verified by the oath of the person required to list the same, is hereby returned, as set forth in such statement; that in every case where I have been required to ascertain the amount or value of the property of any person or body corporate, I have diligently and by the best means in my power endeavored to ascertain the true amount or value; and that as I verily believe the full value thereof [as agreed upon between the assessors of Cass county, Nebraska] is set forth in the above returns; and that in no case have I

·knowingly omitted to demand of any person of whom I was required to make it, a statement of the amount and value of his property, which he was required by law to list; nor have I connived at any violation or evasion of any of the requirements of the law in relation to the assessment of property for taxation [other than the agreement between the assessors of Cass county, Nebraska]. So help me God.           JOHN W. CARUTHERS."

The words in brackets are not in the form of oath given in the statute.    It is to be presumed from these words that before the assessment was made the assessors of Cass county, in order probably to avoid unequal assessments in the several precincts, agreed upon the prices at which property was to be assessed.    The nature of this agreement, if such there was, does not appear, and the presumption is it was consistent with their duty—to avoid unequal assessments. This being so, the form of the oath did not render the assessment void.

It is also claimed that there was no authority for the deputy county clerk before whom the oath was taken to administer oaths, because the county clerk had no such authority; but sec. 9, chap. 9, of the Revised Statutes of 1866 (p. 37), expressly authorized county clerks to administer oaths and affirmations.

Sec. 1, chap. 15, authorizes the county clerk to appoint a deputy, and sec. 2 provides that " in the absence or disability of the principal the deputy shall perform the duties of his principal pertaining to his own office," except, etc.

Objection is made that proof of the signature of the deputy was not made, but such proof is unnecessary.

Sec. 408 of the code provides that duly certified copies of records, entries, or papers belonging to a public office, or required by law to be filed therein shall be evidence of equal credibility with the originals.

Sec. 409 requires officers having the custody of such papers to furnish a copy, etc.

Sec. 412 provides that the signature of the officer shall· be presumed to be genuine till the contrary appear.

It was unnecessary, therefore, to prove the officer's sig- nature; nor was it essential to the validity of the assessor's oath that the county clerk should attest the taking of the same by the county seal. It is apparent that there is no prejudicial error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.