ANTONIA PITELKA, PLAINTIFF, V. FRANK PITELKA, APPELLEE: MAMIE G. BEAL, APPELLANT.

FILED MARCH 27, 1919.   No. 20771.

1. **Attachment: JURISDICTION: IRREGULARITIES.** The rule obtains in Nebraska that, by an affidavit for and publication of notice of the pendency of an attachment suit, the court obtains jurisdiction by the levy of the attachment; and subsequent irregularities in a proper proceeding render the proceedings voidable, but not void. *Crowell v. Johnson,* 2 Neb. 146.

2. ——: ——. *Held,* in the instant case, that affidavit for service by publication and published notice, when construed together, gave the court jurisdiction to sell this property at sheriff's sale.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Reversed, with directions.*

*Murphy & Winters,* for appellant.

*Morsman, Maxwell & Crossman, contra.*

ALDRICH, J.

The plaintiff some years ago recovered a judgment against the defendant in the court of common pleas of Cuyahoga county, Ohio, for $1,200. The Ohio court is a court of general jurisdiction and it is admitted that personal service was regularly had upon the defendant. The judgment is valid in all respects and no part of it ever has been paid. Suit was commenced in Douglas county on the judgment. On July 21, 1917, an affidavit for attachment was filed, which is in words and figures following:

"Comes now Antonia Pitelka, plaintiff in the above entitled action, and being first duly sworn on oath deposes and says that the claim in this action is for support of minor children of the defendant based upon a judgment of the court of common pleas in Cuyahoga County, state of Ohio, for the amount of $2,500, being the amount of judgment with interest thereon. Affiant further says that said claim is just, and that plaintiff ought, as affiant believes, to recover thereon the sum of $2,500. Affiant further states that said defendant is a nonresident of the state of Nebraska, and for that reason personal service cannot be had upon him. Affiant further says that the defendant is a joint owner of lot 14, block 86, South Omaha, Douglas county, Nebraska, as surveyed, platted and recorded, and lot 5 block 64, South Omaha, Nebraska. Plaintiff being a nonresident of the state, this verification is made by her attorney, Henry J. Beal. (Signed) Henry J. Beal."

An order of attachment was subsequently issued and service was had by publication. The followng notice was published in a newspaper from August 9, 1917, to August 30, 1917, both days inclusive. The notice follows:

"To Frank Pitelka, nonresident defendant: You are hereby notified hat on the 21st day of July, 1917, the clerk of the district court of Douglas County, Nebraska,

issued an order of attachment for the sum of $2,500 and costs of suit, in an action pending in the district court of Douglas county, Nebraska, wherein Antonia Pitelka is plaintiff and Frank Pitelka is defendant, and that your interest as an heir of Frank Pitelka, deceased, in the following described real estate has been attached, to wit: Lot 14, block 86, and lot 5, block 64, South Omaha, now a part of Omaha, Douglas county, Nebraska, as surveyed, platted and recorded. You are required to answer this petition on or before the 24th day of September, 1917. (Signed) Antonia Pitelka, Plaintiff.''

It is admitted that, after the publication was completed, the sheriff of Douglas county levied upon and sold the undivided one-ninth interest of defendant herein to lot 14, block 86, city of South Omaha, Douglas county, Nebraska, to one Mamie G. Beal, for the sum of $1,340, she being the highest and best bidder; and also, at the same time and place, Mamie G. Beal, one of the parties herein, purchased the undivided one-ninth interest of Frank Pitelka, defendant, at sheriff's sale, to lot 5, block 64, city of South Omaha, Douglas county, Nebraska, for the sum of $45, she being the highest and best bidder.

These in the main are the admitted facts. The defendant insists that the court was without jurisdiction to sell the real estate in question. He argues: (1) That the service by publication is insufficient; and (2) that the affidavit filed by plaintiff on July 21 is insufficient under the statute for constructive service; and (3) the published notice by plaintiff is not sufficient under the statute to give the court jurisdiction. These are the propositions that we are called upon to determine.

This defendant was a nonresident of Nebraska at the commencement of these proceedings. Service was had upon him as provided by section 7641, Rev. St. 1913. Upon the sufficiency of this service depends the

jurisdiction of the court to render proper judgment in the proceedings.

No fault is found with the affidavit for order of attachment. When the sheriff levied on the real estate he took possession of it under an attachment, and, the proceeding being purely an action *in rem*, it follows that the court had jurisdiction over the property.

There has been for many years past a conflict on the question of what constitutes a sufficient service by publication. In *Westcott v. Archer*, 12 Neb. 345, it was held that a strict and technical description of property in the notice is necessary to give the court jurisdiction. while the rule now seems to be to take into consideration all of the affidavits and proceedings had in the order of attachment, and, if all the proceedings taken together meet the requirements of the statute, then the service is complete and the court has acquired jurisdiction.

This court, in *Crowell v. Johnson*, 2 Neb. 146, held that the court obtained jurisdiction *in rem* by a levy of attachment, and that subsequent irregularities did not render judgment in a proper proceeding void.

It would appear from the rule laid down in the *Crowell* case that the court in the present case had jurisdiction *in rem* where it acquired possession of the property attached, and this judgment was therefore only erroneous, and never at any time void. To the same effect is *Jones v. Danforth*, 71 Neb. 722, although Judge Maxwell in several important cases has strenuously contended for the other rule; that is, *Westcott v. Archer, supra.* The majority opinion in the *Westcott* case holds that the judgment is void for the reason that the published notice of the bringing of the suit was defective in the omission of a description of the property levied upon. That is the rule contended for in this *Westcott* case, wherein Justice Lake dissented, and the

Pitelka v. Pitelka.

rule pointed out in the dissent is the rule that seems now to prevail in this state.

The case of *Westcott v. Archer* has been overruled or distinguished, and it has been held that the court has obtained jurisdiction by publication if the proceedings, affidavit and published notice for service substantially contain the elements and provisions of the statute; that, if in an attachment proceeding some element is contained in the affidavit which was left out in the published notice, then the showing is sufficient and service is complete.

This court has held in *McCormick v. Paddock,* 20 Neb. 486: "An affidavit for service by publication is sufficient if it states the nature of the cause of action, * * * and that service of summons cannot be had upon the defendant, or defendants, within the state." This follows the rule laid down in *Crowell v. Johnson, supra.* This rule above quoted was again followed in *Fouts v. Mann,* 15 Neb. 172.

It is axiomatic that the notice complained of in the instant case was sufficient to advise the defendant of his interest sought to be affected by the proceedings instituted.

In the case of *Greebe v. Jones,* 15 Neb. 312, Judge Maxwell insisted upon the rule laid down in *Westcott v. Archer, supra.* Justice Lake, dissenting, again says that notice will be entirely conformable to the requirements of the statute if it contains "summary statement of the object and prayer of the petition, mention the court wherein it is filed, and notify the person or persons thus to be served, when they are required to answer." This the notice in the instant case accomplished completely.

Thus this contest went on until the rule contended for in the *Westcott* case, *supra,* has finally been so often distinguished as to completely overrule it.

Now, it is admitted that no complaint is made but that the writ of attachment levied upon this real estate

was regularly issued; that the court acquired juris-
diction over the property "so far at least as to render
its proceedings lawful." Then it is true that juris-
diction to this extent is not lost, and thus we follow
*Crowell v. Johnson, supra,* and *Darnell v. Mack,* 46 Neb.
740. This court in the *Darnell* case again overruled the
*Westcott* case.

The chief defect in the notice was that it did not
properly describe the property attached. In *Grebe v.
Jones, supra,* the court rendered judgment in an action
in which the land had been attached. The defendants
being nonresidents, the published notice did not proper-
ly describe the land attached. In that case upon appeal
the majority court again held that the notice was suf-
ficient, and thus overruled *Westcott v. Archer, supra.*

Thus it would appear that, so far as a minor defect
in description of land in notice is concerned, it is the
rule in this court that, if the notice substantially com-
plies with the statute and notifies the party of the kind
and character of the proceeding and when the judg-
ment will be taken, and for how much, and in what
county the land is located, then the statute has been
sufficiently complied with.

Thus we conclude, after a careful examination of
many Nebraska cases, decisive of the point here, that
an affidavit and notice by publication is sufficient to
give the court jurisdiction. The sale was regular in
all respects so far as the record discloses, and we be-
lieve the rule laid down in *Jones v. Danforth,* 71 Neb.
722, is the rule that should be followed in the instant
case, so far as it applies.

Defendant raised another question, namely, that of
*custodia legis.* This question was raised after the
sale was had. It would seem that the only person who
could properly raise that question was the administra-
tor. The record does not disclose that these pro-
ceedings affected in any way the property being ad-
ministered upon. The instant case is not an attempt

to levy upon the interest of a deceased person, but rather upon the interest of the defendant in this case. The administrator made no objection. There is no property of a deceased person here against which this plaintiff has a claim, but the object and purpose of this action, if the question of *custodia legis* were involved, would be to levy upon the identical property in the hands of the administrator, and the rule is for one who has a claim to file it with the probate court; and the property levied upon here is in no sense of the word in custody of the law but simply is the property of this defendant.

The court, then, having full and complete jurisdiction, the purchaser and appellant in this case is entitled to the sheriff's deed conveying to her whatever interest or title the defendant had in the real estate involved. The appellant, Mamie G. Beal, being the highest and best bidder at the sheriff's sale, which was regular and legal, is entitled to a conveyance of the interest or title of the defendant by the sheriff of Douglas county, Nebraska.

The finding and judgment of the trial judge is reversed and the cause remanded, with instructions to enter judgment in accordance with the holding of this opinion.

REVERSED.

LETTON, SEDGWICK and CORNISH, JJ., not sitting.