HARRIS COHEN ET AL., APPELLANTS, V. FLORENCE L. BILLS, EXECUTRIX, APPELLEE.

FILED APRIL 11, 1922. No. 22062.

Process: AFFIDAVIT FOR PUBLICATION. When an affidavit for publication of process recites that the defendant to be served is a nonresident of the state, and that service upon him "cannot be made," the affidavit is sufficient, though it does not specifically state that service cannot be made *within the state*, since that fact sufficiently appears.

APPEAL from the district court for Cherry county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

Orville L. Jones and William B. Haley, for appellants.

*J. J. Harrington, James C. Quigley* and *C. C. Flansburg,* *contra.*

Heard before MORRISSEY, C. J., DEAN, ALDRICH and DAY, JJ.

, ALDRICH, J.

This is an action to quiet title. The appellants herein filed their petition on December 22, 1920, against the defendants alleging that on October 1, 1919, the district court for Cherry county entered a decree of foreclosure in favor of Charles J. Bills, mortgagee, and ordered one certain section of land in Cherry county sold to satisfy the mortgage in question. Plaintiffs in the instant case ask that the foreclosure proceedings be set aside, and that the title to the land be quieted in them and subsequent deeds canceled. On January 27, 1921, the defendant entered a general demurrer to the petition, which was sustained. Plaintiffs elected to stand on their petition and not further plead, and a decree was entered accordingly.

The issue presented for our consideration is: Was the affidavit for publication sufficient under our statute to give the court jurisdiction in the mortgage foreclosure proceedings attacked?

Under this statement of the issue an analogous situation is found in *Pitelka v. Pitelka,* 103 Neb. 388. The case is therefore affirmed on the principle of law as laid down in the *Pitelka* case.

AFFIRMED.