HENRY NAGEL v. LOOMIS & GILL.

[FILED NOVEMBER 25, 1891.]

1. Attachment: AFFIDAVIT OF NON-RESIDENT. The words "not a resident of the state" and "a non-resident of the state" mean the same thing, and where an affidavit for an attachment shows that the defendant is a non-resident of the state, no undertaking is necessary.

2. ———: JURISDICTION: JUDGMENT. In case of constructive service based on attachment of the debtor's property the judgment in form is against the debtor, the defendant, although the power of the court in that case can only be exercised over the property or money of the debtor within its jurisdiction, unless there is an appearance by the defendant.

ERROR to the district court for Clay county. Tried below before MORRIS, J.

*G. W. Bemis,* and *E. E. Hairgrove,* for plaintiff in error.

*John M. Ragan, contra.*

MAXWELL, J.

The plaintiff brought an action before a justice of the peace by attachment against the defendants, who were non-residents, and recovered a judgment for the sum of $102.45 and costs and an order for the application of certain funds to the payment of the judgment. The case was taken on error to the district court where the judgment of the justice was reversed. The following is the transcript of the justice:

"HENRY NAGEL  
       *v.*  
LOOMIS & GILL. }

"July 15, 1887, plaintiff filed his bill of particulars, wherein he claims of the defendant the sum of $102.45 for

work and labor done and material furnished to defendants. Plaintiff also filed the following affidavit:

"'STATE OF NEBRASKA, ⎱ ss.
     CLAY COUNTY.     ⎰

"'Before T. Weed, Justice of the Peace for Sutton Precinct.

"'HENRY NAGEL          ⎱
          v.               ⎰
LOOMIS & GILL, first names unknown.

"'Plaintiff, first being duly sworn, deposes and says that he has good reason to believe and does believe that the St. Joseph & Grand Island Railroad Company, a corporation doing business in Clay county, Nebraska, and the Kansas City & Omaha Railroad Company, a company doing business in Clay county, and within said county of Clay, has property of said defendant in their possession, to-wit, a large amount of money, and also that said railroad companies above mentioned are indebted to said Loomis & Gill to an amount unknown to affiant.          HENRY NAGEL.

"'Subscribed in my presence and sworn to before me this 15th day of July, 1887.          T. WEED,
          "'Justice of the Peace.'

"Issued summons and order of attachment, returnable July 20, at 10 A. M., and placed the same in the hands of Daniel Cronin, a constable of Clay county, who made return as follows:

"' I hereby certify that on July 15, 1887, I served on the managing agent of the St. Joseph & Grand Island Railroad Company, at their principal place of business in Clay county, Nebraska, the original summons, by handing O. G. Burrows, said managing agent, the same in writing, and the within is a true copy of said summons.

"'I served also a true copy of the order of attachment.
          "'DANIEL CRONIN,
               "'Constable.'

"July 20, 1887, 10 A. M., O. G. Burrows appeared as

garnished agent for the said railroad company and under oath answered the following questions:

"Q. Are you the agent of the St. Joseph & Grand Island R. R. Co. at Sutton?

"A. I am.

"Q. Is that company indebted to Loomis & Gill in any sum?

"A. We believe we are indebted to them about $1,500.

"It appearing from the answer of the St. Joseph & Grand Island Railroad Company that they have personal property, to-wit, money, of Loomis & Gill, defendants, in their possession liable to attachment in this case, it is hereby ordered that the St. Joseph & Grand Island Railroad Company pay into court said sum of $102.45 and these costs, or give a bond for its safe keeping. It also appearing that the summons issued cannot be served on the defendants in this county, this cause is continued until August 30, 1887, at 10 A. M., for the purpose of publication, and such notice and affidavit are hereto attached.

"August 30, 1887, 10 A. M. This cause came on for hearing, upon the plaintiff's bill of particulars and the evidence. Henry Nagel sworn and testified in the case, and on consideration whereof I find there is due from the defendant to the plaintiff the sum of $102.45. It is therefore considered by me that Henry Nagel, plaintiff, recover from Loomis & Gill, defendants, the said sum of $102.45, and his costs, taxed at $9.75, making a total of $112.20.

"Judgment rendered this 30th day of August, 1887.

"T. WEED,
"*Justice of the Peace.*"

We find also the following affidavit:

"HENRY NAGEL
v.
LOOMIS & GILL.

"STATE OF NEBRASKA,
    CLAY COUNTY. } ss.

"Henry Nagel, being first duly sworn, deposes and says

that he is the plaintiff in the above entitled action, and the claim in said action is on contract for labor, work, and materials furnished defendants; that the said claim is just and this affiant believes that the said plaintiff ought to recover the sum of $102.45 thereon.

"Affiant further says that the defendants are not residents of the state of Nebraska, and have absconded to the the state of Missouri; and further this affiant says not.

"HENRY NAGEL.

"Subscribed in my presence and sworn to before me this 15th day of July, A. D. 1887.          T. WEED,

"*Justice of the Peace.*"

The attorney for the defendants in error has filed no brief, so that we are left in doubt as to the points on which he relies.

"Section 925 of the Code provides: "The plaintiff shall have an order of attachment against the property of the defendant, in a civil action before a justice of the peace, for the recovery of money before or after the commencement thereof, when there is filed in his office an affidavit of the plaintiff, his agent, or attorney, showing the nature of the plaintiff's claim, that it is just, the amount which the affiant believes the plaintiff ought to recover, and the existence of some one or more of the following particulars: First, that the defendant, or one of the several defendants, is a foreign corporation, or is a non-resident of the state; or second, has absconded, with intent to defraud his creditors; or third, has left the county of his residence to avoid the service of a summons; or fourth, so conceals himself that a summons cannot be served upon him; or fifth, is about to remove his property, or a part thereof, out of the county, with the intent to defraud his creditors; or sixth, is about to convert his property, or a part thereof, into money, for the purpose of placing it beyond the reach of his creditors; or seventh, has property or rights in action which he conceals; or eighth, has assigned, removed,

or disposed of, or is about to dispose of, his property, or a part thereof, with intent to defraud his creditors; or ninth, fraudulently contracted the debt, or incurred the obligation for which suit is about to be or has been brought. When the defendant is a foreign corporation or a non-resident of the state, the attachment shall not be granted, unless the claim is for a debt or demand arising upon contract, judgment, or decree."

Section 926 provides: "When the ground of attachment is that the defendant is a foreign corporation, or a non-resident of the state, the order of attachment may be issued without an undertaking, but in all other cases the order of attachment shall not be issued by the justice until there has been executed in his office, by one or more sufficient sureties of the plaintiff, to be approved by the justice, an undertaking not exceeding double the amount of the plaintiff's claim, to the effect that the plaintiff shall pay the defendant all damages which he may sustain by reason of the attachment, if the order be wrongfully obtained."

It does appear from the record that the defendants were non-residents of the state. It is true the exact language of the statute is not employed, but the meaning is the same. No undertaking is required where the defendant is a non-resident of the state.

Objection seems to be made against the form of the judgment, that it is rendered against the defendants. This is the proper mode of rendering judgment: The debt is charged and proved against the defendant and a certain sum found due, whereupon the court renders judgment against the debtor, the defendant, and orders a sale of the attached property, or the payment of the money held by the garnishee. The form of the judgment is not changed by the mode of service, except that it should appear that the service is constructive, and, therefore, cannot be the foundation of an action in another state, and the power of the court is exhausted when the property of the debtor

within its jurisdiction is applied upon the judgment. (*Crowell v. Johnson*, 2 Neb., 156.)

It is evident that the justice was fully warranted in all his proceedings, and there is no material error therein. The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.