J. E. MILBURN ET AL. v. S. J. SMITH ET AL.

No. 966.

1. **Jurisdiction Over Non-Resident—Attachment—Citation by Publication.**

In an action brought in Justice Court against a non-resident upon an account for money, the defendant was cited by publication, and after the publication was completed, but before the return day of the citation, an attachment was issued and levied on property of the defendant. Held, that the jurisdiction of the court to render judgment by default and order the property sold was not defeated by the fact that the citation preceded the attachment, and contained no reference thereto, since the statute does not require that the citation shall follow or be contemporaneous with the attachment. Revised Statutes, Arts. 154, 1235.

2. **Same — Justice Court — Foreclosure of Attachment on Land — Execution.**

In an action against a non-resident by attachment in Justice Court, the judgment was correct under the statute in ordering that the attachment "is in all things sustained, the attached land to be sold under execution," instead of foreclosing the attachment and directing the issue of an order of sale. Sayles' Civil Statutes, Art. 180a.

APPEAL from Harris. Tried below before Hon. S. H. BRASHEAR.

*Stewart, Stewart & Lockett,* for appellants.—1. A judgment or decree rendered by a State court does not bind non-residents in a proceeding purely in personam in which they did not appear, and had no notice except by publication, and in a proceeding purely in personam against a non-resident, where he has property within the jurisdiction of the State court, the court acquired no jurisdiction to act in the matter until the property of the defendant, within the jurisdiction of the court, had been seized under a writ of attachment. It was the seizure of the property and not the publication of the notice that gave the court jurisdiction in the

first instance.  Windsor v. McVeigh, 93 U. S., 274;  Hassall v. Wilcox, 130 U. S., 493;  Haywood v. Collins, 60 Ill., 328;  Pora v. Bowler, 107 U. S., 529;  Martin v. Cobb, 77 Texas, 544;  Scott v. Streepy, 73 Texas, 547;  Stewart v. Anderson, 70 Texas, 588;  Foote v. Sewall, 81 Texas, 659;  Green v. Hill, 4 Texas, 466;  Falk Brewing Co. v. Hirsch, 78 Texas, 192;  Tulane v. McKee, 10 Texas, 339;  McIlhenny v. Secrest, Dallam, 538;  Black on Judgments, secs. 229, 904;  Barber v. Morris, 37 Minn., 194;  5 Am. St. Rep., 836;  Belcher v. Chambers, 53 Cal., 636;  Hollingsworth v. Barbour, 4 Pet., 466;  Anderson v. Goff, 72 Cal., 61;  1 Am. St. Rep., 34;  Dorr v. Rohr, 82 Va., 359;  3 Am. St. Rep., 106.

2.  Where service is by publication, plaintiffs must comply strictly with every essential requirement of the law.  Goodlove v. Gray, 7 Texas, 484;  Blossom v. Letchford, 17 Texas, 649;  Edrington v. Allsbrooks, 21 Texas, 189;  Hill v. Faison, 27 Texas, 431;  Allen v. Wyser, 29 Texas, 153;  Burns v. Sampson, 11 S. W. Rep., 1073;  Gissell v. Pulaski Co., 3 McCreary (U. S.), 446;  Ricketson v. Richardson, 26 Cal., 149;  Wheeler v. Cobb, 75 N. Car., 21;  Dowell v. Lahr, 97 Ind., 146.

3.  In proceedings in rem the judgment or order must be to make the amount out of the land attached, and no general execution can issue thereunder.  Cooper v. Reynolds, 10 Wall., 318;  Freeman v. Anderson, 119 U. S., 190;  Taliaferro v. Butler, 77 Texas, 580;  Foote v. Sewell, 81 Texas, 659;  Mayfield v. Bennett, 48 Iowa, 194.

4.  A personal judgment against a non-resident upon service by publication is without jurisdiction and a sale under it is void.  Hardy v. Beatty, 84 Texas, 562;  Foote v. Sewall, 81 Texas, 659;  Taliaferro v. Butler, 77 Texas, 582;  Martin v. Cobb, 77 Texas, 544.

*Hutcheson,  Campbell & Sears,* for appellees.—1.  Appellants contend that because the citation has been issued and served before the attachment was issued, therefore there was no service; and to this we reply:  Our statute provides that an attachment may be issued either at the commencement of a suit, or at any time during the progress of said suit.  The issuance of a citation is the institution of a suit in the Justice's Court.  The defendant is notified by the publication of the citation; and he is bound to take notice, from the publication of the citation informing him of a suit to collect a debt, that his property within the jurisdiction of the court is liable to be seized under attachment as "the essential means of giving the court jurisdiction."  Rev. Stats., art. 154;  Reid v. Mikles, 29 S. W. Rep., 563;  Stewart v. Anderson, 70 Texas, 590;  Tufts v. Volkening, 27 S. W. Rep., 522.

2.  The sale under the said justice's judgment was in accordance with the statute then in force, which was a valid statute.  It is true a general execution was issued, but this execution was only levied on the property attached, and, of course, it had no effect beyond the property attached.  Rev. Stats., art. 180;  Cooper v. Reynolds, 10 Wall., 318;  Barelli v. Wagner, 27 S. W. Rep., 17;  Reid v. Mikles, 29 S. W. Rep., 563.

WILLIAMS, ASSOCIATE JUSTICE.—Appellants sued in trespass to try title to recover a tract of land in Harris County. The defendants (appellees) pleaded not guilty, and other defenses which need not be particularized. Judgment was rendered for defendants, which is brought in review by this appeal.

Appellants are the heirs of J. O. Milburn, deceased, and are conceded to have title, unless it was divested out of their ancestor by the proceedings under which appellees claim, and which are as follows:

On August 8, 1887, S. A. Oliver instituted suit in a Justice's Court of Harris County against J. O. Milburn to recover the sum of $42.20, as a balance due on account. At the same time, he filed his affidavit to procure a citation for publication, which stated, as the ground for publication, that defendants' residence was unknown. A citation, in due form, was issued, and ordered to be published in some newspaper published in Harris County for four successive weeks prior to the return day thereof, which was the second Monday in September, 1887. The writ was caused by the constable to be so published, the dates of publication being August 10, 17, 24, and 31, 1887. The writ was properly returned, showing in proper manner the service thereof. This citation made no reference to an intended attachment.

On the 2d day of September, 1887, plaintiff Oliver took out an attachment against J. O. Milburn, by making affidavit and giving bond as required by the statute, on the ground that the defendant was not a resident of this State. The writ was, on same day, levied upon the land in controversy, as the property of Milburn, and due return was made of the writ showing that fact. At the next term thereafter of the court, held on the 12th day of September, 1887, an order was entered reciting that plaintiff appeared, but that defendant came not, although duly cited by publication, and that the case was continued by operation of law until the next term. It is not claimed that there was any defect or irregularity in any of these proceedings, except those hereafter treated, and hence a fuller statement of them is not given.

On the 10th day of October, 1887, the court again met, appointed an attorney to represent the absent defendant, and heard the cause without other appearance for defendant, and rendered judgment that plaintiff recover of defendant, J. O. Milburn, the sum sued for, with interest and costs, for which execution is ordered. The judgment recites that defendant failed to appear, and also as follows:

"And it appearing to the court that citation had been made by constable W. W. Glass, by ordering publication of said citation in the Houston Age, a newspaper published in Harris County, for four successive weeks prior to the return day of said citation, at the September Term of this court, on August 10, 17, 24, and 31, 1887, and that said citation had been duly so published, and that the defendant came not, and made no answer at said September Term of court, and that said cause had, at said term of court, been continued by operation of law, the court appointed Henry F. Fisher, Esq., to represent the absent defendant as counsel."

It also recites the issuance and levy of the attachment upon the land, describing it, and that it is "in all things sustained," and orders that the "land attached be sold under execution." The land is mentioned in the return of the officer and in all the subsequent proceedings as the same conveyed by E. L. Burke to J. O. Milburn by deed recorded in Harris County in vol. 30, page 234, besides other description, which is not claimed to be defective.

October 21, 1887, an ordinary execution was issued on this judgment for the collection of it out of the property of the defendant, making no mention of this land. Under this writ the land in controversy was regularly sold, and bought by the person from whom defendants deraign title, and a deed was made to him by the officer. Milburn, during the whole of the time covered by these proceedings, was a citizen of another State.

Appellants assert that the purchaser under these proceedings acquired no title, because, (1) the defendant was beyond the territorial jurisdiction of the court, and no jurisdiction over his person was obtained. (2) No jurisdiction to subject the land was acquired, because the publication of notice was made before the levy of the attachment, and at a time when the court had no jurisdiction of any character. (3) Because the name of the defendant as given, J. O. Milburn, was not stated with sufficient certainty. (4) That if the judgment was valid, the sale under an execution, instead of an order of sale, was not a proper execution of it, and could not therefore divest the title.

It is not claimed by appellee that the judgment was valid as a personal judgment against Milburn, and it is clear that it was not. Pennoyer v. Neff, 95 U. S., 724. If the title of defendants is to be upheld, it must be on the ground that the judgment was one in rem, and that the court, by the proceeding taken, acquired jurisdiction over the property so as to authorize a judgment subjecting it to payment of the debt.

It is well settled that, "all property within a State is subject to the jurisdiction of its courts, and they have the right to adjudicate the title thereto, to enforce liens thereupon, and to subject it to the payment of the debts of its owners, whether residents or not." Freeman on Judgments, sec. 120a; Pennoyer v. Neff, 95 U. S., 724; Cooper v. Reynolds, 10 Wall., 308; Arndt v. Griggs, 116 U. S., 151, 316.

The rules of procedure through which the courts of a State are to exercise this power, are to be prescribed by the legislature of the State, subject to restrictions imposed by the constitution of the United States and that of the particular State. When the steps required by the laws of the State in order to invest the court with power to render such judgments as those above referred to, have been taken, the jurisdiction attaches, unless something has been done which is prohibited, or something omitted which is required by the fundamental law.

The laws of a State cannot secure to its courts jurisdiction over the persons of citizens of other States by any process which they may authorize, because such laws do not operate and such process does not run beyond the limits of the State. But such laws may provide process by

which property within the State may be brought within the control of its courts, and subjected to their judgments. Hence, the publication of a citation in a pending suit gives no power over the person of the defendant, if he be a non-resident, but it may, if authorized by the statute, constitute sufficient notice to authorize the court to pronounce judgment against property attached in the suit. Pennoyer v. Neff, 95 U. S., 724; Stewart v. Anderson, 70 Texas, 596.

In the case last cited it is said: "It is doubtless competent for the legislature, when personal service cannot be made within the State on a defendant, to declare what shall constitute notice to a non-resident debtor having property within the limits of the State sought to be subjected by a creditor to the payment of his debt." And when, in the same opinion, it is said that publication of notice is essential to the power of the court to render judgment subjecting attached property to the debt, it is so said because the statute required such publication.

Some authorities hold that in such cases no notice, in addition to seizure of the property, is essential to this character of jurisdiction. Cooper v. Reynolds, 10 Wall., 308; Paine v. Moreland, 15 Ohio, 435; Westcott v. Archer, 12 Neb., 345. (Dissenting opinion.) Others to the same effect might be cited.

On the other hand, most authorities hold that, where the State statute requires publication, it is necessary in order to authorize judgment against the property seized, and is essential to the validity of the judgment rendered. Waples on Attachment, 272, 273, 324; Freeman on Judgments, sec. 120a; Black on Judgments, sec. 220; Dorr v. Rohr, 82 Va., 359; Work on Courts, 48, 518; Wade on Attachment, sec. 45; Cooley's Const. Lim., 497, 498; Westcott v. Archer, supra (majority opinion); Walker v. Cattrell, 6 Baxt., 257.

Some authorities hold that, even in the absence of a statutory requirement, notice of some kind in proceedings in rem is essential to due process of law, and that judgments condemning property rendered without it, are void. Windsor v. McVeigh, 93 U. S.; Waples on Attachment, 271, 327.

In Hasall v. Wilcox, 130 U. S., 493, and Guaranty Company v. Railway Co., 139 U. S., 137, there was no seizure of the property. The view expressed in the first class of authorities is repudiated in Stewart v. Anderson, and held to be inadmissible under the statute in force when the judgment then in question was rendered, and which forbade the rendition of any judgment until the defendant had been cited either personally or by publication. Pas. Dig., 156. Substantially the same provision is found in the Revised Statutes (art. 1245), and we could not hold that a judgment without any notice whatever, beyond the attachment of property, would be valid. But, if the provisions of the statute have been followed and complied with, and if the proceedings are sufficient to meet the constitutional requirement of due process of law, the judgments based upon them must be held valid.

The principal contention of appellant is, that the court acquired no

sort of jurisdiction before the attachment was levied, and that the publication, made when there was no jurisdiction, could not be effective, to convey notice to defendant. But the answer is, that jurisdiction is acquired only by taking several steps,—the institution of suit, the issuance and levy of the attachment, and the compliance with the law regulating publication of notice. Until these things essential to jurisdiction have all been done, the power to render judgment is not obtained. It cannot be said that the appropriate proceedings taken before attachment are void, for they are things required by law to give jurisdiction, as well as the attachment. All are essential, and when all have concurred, and not before, the power is complete. Property may be seized under the writ and brought within the power of the court, but, where publication is required before judgment can be rendered, the court cannot proceed to judgment without it. The absence of the levy would defeat the notice, and the absence of the notice would defeat the attachment. The mere fact that one precedes the other, if this is authorized by the statute, and is due process of law, cannot prevent the jurisdiction from becoming complete when both concur. It is sometimes said that the question of jurisdiction is to be determined by the answer to the inquiry whether or not the court had power to take the first step. But in cases like this, jurisdiction over the thing to be affected by the judgment does not arise until all of the steps which the law makes essential have been taken. To strike down any of the proceedings because they were had before the power was rendered complete, would leave the court powerless to acquire jurisdiction at all.

If the statute required the publication to follow the levy it may be true that publication made before the levy would be ineffectual, because it would not be a compliance with this requirement. But we find no such provision. The statute regulating attachments authorizes their issuance either at the commencement of the suit or at any time during its pendency (Revised Statutes, art. 154); and the same provision is made with reference to service of process by publication. Article 1235. This provision is held applicable to suits in Justices' Courts. Davis v. Robinson, 70 Texas, 398.

Not only is there no requirement that the levy of an attachment shall precede the publication, but the history of our law on the subject shows that there was no purpose to so require; for prior to the decision in Pennoyer v. Neff, it was held in this State, that the seizure of property of a non-resident situated here, was not essential to the jurisdiction of our courts to subject such property to a debt due from the non-resident to a citizen. Since the law has become established, as laid down in that decision, the publication provided by our statute has been considered sufficient notice in cases where the property is taken into the custody of the court under attachment. As it is not required by the statute that the publication shall follow the levy, we cannot add that requirement, unless there is a fundamental rule which requires that order of procedure in order to constitute due process of law. We find no authori-

ties which so hold. The regulations of the statutes of the different States do not seem to be based on any such idea. In some, the attachment may precede the filing of suit. In others, it must issue after the filing of the complaint, and in still others, after the making of the first publication. Work on Courts, 521. Indeed, in the case of Anderson v. Coburn, 27 Wis., 565, an attachment was held void because a previous publication was not made in compliance with the statute. It is conceded, in Waples on Attachment, where the author contends for the doctrine that notice, in addition to seizure, is essential, whether required by statute or not, that the notice may precede the levy, but it is there asserted that it must notify the defendant either that his property has been or will be seized. Pages 268, 269, 273.

If it be true that other notice than seizure is fundamentally necessary, as we are inclined to hold, it follows, of course, that the statement of some things therein is essential to the sufficiency of notice, and the question is, what are those features which are indispensable? It has been generally admitted that seizure is constructive notice of some kind, and it is therefore necessarily notice of itself, that is, of the fact of seizure. Some authorities, as we have seen, hold that it is all the notice that is essential to the power to render judgment. Others, without disputing that seizure is notice of something, hold that it is necessary to give the defendant other notice of the proceeding in which the seizure is made in order to allow him his day in court, to inform of the character of the demand against him, and as to the time and place when and where he is to make his defense. And this, we take it, is the only function of any further notice. Unless required by statute, it certainly cannot be necessary to inform him of the fact that his property has been seized, for the seizure is due process of law and gives notice of itself. Under our statute, both writs of attachments and citations by publication contain data by which they are connected with the suit in which they are issued and with each other. A defendant seeing one, can, by the information which it furnishes, easily find the other. One notifies of the character of the demand, the time and place when and where it will be heard and when he shall present his defense, and the other informs him of the seizure of his property. They cannot, in the nature of things, be made exactly contemporaneous in their execution, and the fact that one precedes the other is not a fundamental objection, and cannot, unless in violation of the statute, defeat the jurisdiction. It is to be remembered that service by publication is not condemned by the Federal decisions on the ground that it can not constitute notice when property is brought within the jurisdiction of the court. The theory of those decisions is, that a non-resident can not be brought within the jurisdiction of the court by any sort of service, except personal service within the State, because of the territorial limitation on the power of the court.

In Windsor v. McVeigh, Justice Field says: "Such notice (in proceedings in rem) is usually given by monition, public proclamation or publication in some other form. The manner of the notification is imma-

terial, but the notification itself is indispensable." If the case is one in which publication can be effectual, the publication itself gives notice of what it contains, and as the seizure is notice of itself, there is no need that the published notice should refer to it, and hence no reason why the publication should follow the levy. As to the proposition that if issued before the attachment, the notice must show the purpose to attach, we think it is sufficient to say that if publication before the levy does not charge defendant with notice, it would not inform him of such purpose, and if it does notify him of its contents, it would inform him of the suit and of the liability of his property to attachment; and, of its taking, the subsequent seizure would inform him. Anderson v. Goff, 72 Cal., 65; Reid v. Mickler, 29 S. W. Rep., 563. When the publication of the notice in this case was finished, the attachment had been levied and the jurisdiction was complete; and the full time allowed by the statute in which defendant should make his defense expired after both publication and levy. The name of the defendant was sufficiently stated, and the attachment of his property identified him as the person sued and against whom judgment was rendered and as the ancestor of plaintiffs.

The issuance of the execution instead of an order of sale was in accordance with the statute regulating such proceedings in Justices' Courts. Art. 180a, Sayles' Statutes. The history of that provision is well known and need not be stated here. The effect of such a writ, under the statute, is the same as an order of sale ordinarily has. See Anderson v. Goff, supra; Paine v. Moreland, 15 Ohio, 446.

Our conclusion is that the judgment and sale were valid, and that the judgment should be affirmed.

*Affirmed.*

Delivered December 19, 1895.