FRY v. COLBORN.

[No. 2,035.   Filed February 23, 1897.]

PLEADING.—*Complaint.*—*Clerical Error.*—A mere clerical error in the use of the word "plaintiff" where it is clear that the pleader intended to use the word "defendant" will not vitiate the pleading, but on appeal the pleading will be given the force which the proper word would have given it if the mistake had not been made.  *p. 98.*

Fry *v*. Colborn.

SAME.—*Complaint on Account for Goods Sold to Defendant's Agent.*— A complaint for goods sold and delivered to defendant's agent, is not sufficient on demurrer without an allegation that the goods were sold at the instance or request of the defendant, or upon his order, or that they were sold upon his credit.	*p. 99.*

From the Floyd Circuit Court. *Reversed.*

*M. Z. Stannard,* for appellant.

*C. P.* and *J. D. Ferguson,* for appellee.

HENLEY, J.—The complaint filed in the lower court in this cause, upon which the judgment was rendered against appellant, omitting the caption, was as follows: "The plaintiff, Abram R. Colborn, transacting business as a lumber dealer under the name and style of A. R. Colborn & Co., complains of Jacob S. Fry, the defendant, and says, that the defendant is indebted to the plaintiff $1,509.45, on account of lumber sold and delivered to plaintiff's agent, M. A. Sweeney, a bill of particulars of which is attached hereto, filed herewith, and made a part hereof, which said sum of $1,509.45 is due the plaintiff from the defendant and is wholly unpaid. Wherefore plaintiff asks judgment for $1,509.45 and all proper relief.

[Signed] C. P. & J. D. FERGUSON,
Attorneys for Plaintiff.

"Bill of Particulars.
1894.

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| March 31, to lumber as per bill rendered | | | | | | | | $124.68 |
| ” | ” | ” | ” | ” | ” | ” | ” | 515.64 |
| April 14, | ” | ” | ” | ” | ” | ” | | 207.28 |
| ” 20, | ” | ” | ” | ” | ” | ” | | 538.77 |
| ” 24, | ” | ” | ” | ” | ” | ” | | 382.80 |

$1,769.17

April 14, By invoice for car of cement.$82.50
Aug. 15, By freight receipt.......... 57.78
   „   „   „     „       „    .......... 48.06
   „   „   „     „       „    .......... 71.38  $259.72

$1.509.45."

A demurrer was filed to this complaint and overruled by the court below. There was a trial by the court, and at the request of the appellant the court found the facts specially and stated its conclusions of law thereon, and rendered judgment against appellant for the sum of $1,479.45. From this judgment the appeal is prosecuted here, under the following assignment of errors:

1st. That the complaint does not state facts sufficient to constitute a cause of action.

2d. The court erred in overruling the demurrer to the complaint.

3d. The court erred in the conclusion of law stated upon the special finding of facts.

4th. The court erred in overruling appellant's motion for a new trial.

It is urged by counsel that the complaint in the cause is insufficient. The fact that the word plaintiff is used where it is plain that the pleader meant to use the word defendant, will not vitiate the pleading, but this court will give the pleading the force which the proper word would have given it if the mistake had not been made.

In the case of *Indiana, etc., R. W. Co.* v. *Dailey,* 110 Ind. 75, the word plaintiff was used by the pleader where it was plain he intended to use the word defendant, and in commenting upon counsels' contention, that the word should be read as the pleader had written it, the court said: "Merely clerical mistakes, such as the use of one word or one name for another,

where, as in this case, there is and can be no possible room for doubt as to which one of the two words or names the pleader intended to use, will not and ought not to vitiate the pleading in any court, under the statutory rule that 'its allegations shall be liberally construed, with a view to substantial justice between the parties.'" See, also, *Warbritton* v. *Demorett*, 129 Ind. 346; *Landon* v. *White*, 101 Ind. 249.

Substituting the word defendant for the word plaintiff, before the word agent, in the complaint, the allegation then is, in substance, that defendant is indebted to plaintiff for lumber sold and delivered to M. A. Sweeney, defendant's agent. It is not charged in the complaint that such sale was made to M. A. Sweeney, defendant's agent acting as such agent, or that the goods were sold to Sweeney for the defendant, or upon his order, or that such sale was made to Sweeney at the instance or request of defendant, or that the goods were sold to Sweeney, or to any one, upon defendant's credit. When we look to the bill of particulars it throws no further light upon the subject and fails in any way to aid the complaint. The body of the bill of particulars is very properly made out, but it is nowhere stated therein to whom or from whom the various amounts stated therein are owing.

The case of *Rend* v. *Boord*, 75 Ind. 307, cited by counsel for appellee, does not sustain their position. In that case, the allegation of the complaint was, "that they [defendants] were partners, and as such were indebted to him [plaintiff] for goods sold and delivered to one Mehan, their agent, for them and upon their order." This allegation the court held, and we think properly, sufficient to charge the defendant with the indebtedness for the goods so sold and delivered to Mehan.

There must be something more than the mere naked

allegation of indebtedness to render a defendant liable, and if, as in a case of this kind, the allegation is of a sale to some person other than the defendant, for which sale it is expected to hold the defendant liable, such facts must be averred by the pleader as would render the defendant liable for a sale made to the third party. It is essential in all pleading that the party presenting the same as a claim or defense, allege every substantive fact which is necessary to the maintenance of his suit or defense, and if any such fact is omitted, the claim or defense is necessarily defective.

We think the court erred in overruling the demurrer to the complaint.

Other alleged errors are discussed by appellant's counsel, but on account of the conclusion already reached we deem it unnecessary to pass upon them.

The judgment is reversed, with instructions to sustain the demurrer to the complaint.

### CONCURRING OPINION.

BLACK, J.—I concur in the decision, that the complaint was insufficient on demurrer, but I do not think it necessary to decide the dispute concerning the words "plaintiff's agent." The entire complaint, including its exhibit, is set out in the opinion of the majority of the court, for the purpose of showing that it alleged a sale and delivery to M. A. Sweeney. It is assumed that the pleader meant to describe him as the defendant's agent. It is not clearly manifest upon the face of the complaint that he was the defendant's agent, or that the pleader should have so described him, or intended to do so.