WOLF NETZORG v. J. P. GREEN.

Decided March 27, 1901.

1.—Foreclosure of Tax Lien—Void Tax Title—Nonresident—Citation by Publication.

Where the State brought suit against a nonresident and foreclosed a lien for taxes on land situated in Texas, and the citation by publication stated that the action was to recover the taxes, giving the amount, due on the land, describing it, but did not state that it was sought to foreclose any lien on the land, the court was without jurisdiction to render judgment by default foreclosing the lien, and the title acquired through purchase at execution sale under such judgment was void.

:2.—Same—Improvements in Good Faith.

Where one claiming land under a tax title makes improvements thereon, it can not be held as matter of law that the improvements were not made in good faith because the tax title proves to be void.

:3.—Same—Knowledge of Law.

A resident of another State is not chargeable with knowledge that the law of Texas does not give to its district courts jurisdiction of a suit to recover $1.72 claimed for taxes on land except in connection with the assertion of a lien against the land.

Appeal from Grayson. Tried below before Hon. Don A. Bliss.

*Sidney Wilson,* for appellant.

*Galloway & Templeton,* for appellee.

FLY, ASSOCIATE JUSTICE.—This is an action of trespass to try title to a piece of real estate situated in the city of Sherman, instituted by appellant. The cause was tried by the court without the aid of a jury and resulted in a judgment for appellee. There is no statement of facts in the record, and the findings of fact of the district judge must necessarily be looked to to obtain our conclusions of fact.

The land, in 1895 and up to 1897, belonged to appellant, and there were taxes due on it for the year 1895 in the sum of $1.72. On February 9, 1897, suit was instituted by the State of Texas against appellant to recover the taxes, interest from January 1, 1896, and 25 cents for printing the delinquency of payment in a newspaper, and to foreclose the tax lien on the land in controversy. In the petition, which was verified by affidavit, it was alleged that the residence of appellant was unknown. At that time appellant was a resident of the State of Michigan and had not been in Texas for twenty years, and did not know of the sale of his property. An attempt was made to cite appellant by publication, the citation being as follows:

"State of Texas. In the District Court, April Term, 1897.—To the Sheriff or any Constable of Grayson County, Greeting:

"You are hereby commanded that by making publication of this citation in some newspaper published in the county of Grayson for four weeks previous to the return date hereof, you summon Wolf Netzorg, whose residence is unknown, to be and appear before the District Court to be holden in and for the county of Grayson at the courthouse thereof in Sherman on the first Monday in April, 1897, then and there to answer the petition filed in said court on the 9th day of February, 1897, wherein the State of Texas is plaintiff and Wolf Netzorg is defendant, the file number of said suit being 11031, and the nature of plaintiff's demand being in substance an action for taxes for the sum of $1.72 for the year 1895 on the following described property, to wit: Being a part of a survey originally granted to J. B. McAnair, on the waters of Post Oak Creek, and described by metes and bounds as follows: Beginning

32 feet north of the N. E. corner of block No. 20 of the original town plat of the city of Sherman, Texas; thence south 74 west 150 feet; thence north 16 west 63 feet; thence north 74 east 150 feet to East street; thence south with said East street 65 feet to the place of beginning.

"Herein fail not, but have you then and there before said court this writ with your return thereon showing how you have executed the same. Witness W. P. Head, clerk of the District Court of Grayson County. man, this 9th day of February, 1897.

"W. P. HEAD,
"Clerk District Court, Grayson County, Texas."

Given under my hand and seal of said court, at office in the city of Sher-

Publication of the citation was properly made, and an attorney was appointed to represent the non-resident. On September 23, 1897, the State recovered judgment against appellant for a foreclosure of the tax lien on the land in controversy. An order of sale was issued and the land was seized and sold to appellee for $130. The taxes, interest, and costs were satisfied out of the money, and the balance was deposited with the district clerk, who still holds it. A statement of facts was filed as required by the statute.

It is well settled that personal judgments against nonresidents upon service by publication are void. Pennoyer v. Neff, 5 Otto, 714; Wilson v. Seligman, 144 N. S., 41; York v. State, 73 Texas, 651; Taliafero v. Butler, 77 Texas, 578; Brewing Co. v. Hirsch, 78 Texas, 192; Foote v. Sewall, 81 Texas, 659.

The only matter, therefore, alleged in the petition that would give the District Court jurisdiction was the allegation of the lien on the land, which made the suit one in rem, and under proper service by publication would authorize the court to proceed against the land. Arndt v. Griggs, 134 U. S., 316. In order, however, to obtain jurisdiction over the property of a nonresident through service by publication, every essential requisite of the law must be strictly complied with. Allen v. Wyser, 29 Texas, 151; Stephenson v. Railway, 42 Texas, 162; Byrnes v. Sampson, 74 Texas, 79.

In article 1235, Revised Statutes, among the other requisites of a citation by publication, it is provided that it "shall contain a brief statement of the cause of action." In the citation in the suit for taxes it was stated that the nature of the demand was "an action for taxes for the sum of $1.72 for the year 1895" on certain property, describing it. Does the statement in the citation give a true statement of the cause of action? Suppose the published statement had come to the notice of appellant; he would have received no information that the State of Texas was engaged in an attempt to foreclose a lien upon his land, but it would only inform him that the State desired to obtain a personal judgment against him. He would be charged with knowledge that such an attempt was futile, and that a judgment against him would be void, and the citation, instead of giving him notice of the nature of the suit,

would rather tend to deceive him and throw him off his guard. Had he been a resident of the State and personally served with the citation, we do not believe it would support a judgment by default foreclosing a lien on his real estate. Blackman v. Harry (Texas Civ. App.) 35 S. W. Rep., 290.

Speaking on this subject in the case of Roberts v. Stockslager, 4 Texas, 307, it was said: "The fact that defendant has notice in the form prescribed by law is vitally essential to the jurisdiction of the court; and where the party does not appear, and thus waive defects of notice, it is the duty of the court to ascertain, before proceeding in the adjudication, whether the defendant has been legally brought within judicial cognizance in relation to the subject matter pending before the court." This doctrine has been approved in a long line of decisions, and as said by the Court of Appeals in Graves v. Le Geirse, 1 White & Wilson Civil Cases, section 812: "A general rule evolved from these decisions is, that any omissions of the requirements of the law as to the citation and the mode and manner of its return will cause the reversal of a judgment by default, because the regulations on the subject are imperative and must be strictly followed, no interference or presumptions being allowed to supply apparent defects."

Service by publication is at best but a miserable substitute for the notice usually required to bring the citizen into court, and is not justified on any ground but that the State has the right to subject the property within its borders to the payment of debts due by a nonresident to it or any of its citizens, and can in no other way adjust rights between nonresidents and itself or its inhabitants. The rule is based upon the fiction that property is always in the possession of its owner, either in person or through an agent. Being outside the State, the nonresident can not be reached by personal service, and it is only through and in connection with his property that any of his rights can be adjudicated. Such being the case, how essential it is that he should be, in the manner prescribed by law, notified of any attempt to subject his property to the payment of any demands against him.

There is no recitation as to service in the judgment foreclosing the tax lien on the land, and the trial court in this case has found that the judgment was based on the citation hereinbefore copied.

Our conclusion is that appellant should have recovered the land in the lower court, subject to such improvements as may have been made in good faith by appellee. The question of the improvements can not be disposed of by this court, however, because the trial court, although it found the value of the land without improvements, and the value of the improvements, did not pass upon the question of good faith on the part of appellee.

The question of good faith is one of fact depending upon the circumstances of the particular case in which it is asserted. Wortham v. Boyd, 66 Texas, 401. "The existence of good faith is a fact to be established in such cases by evidence of other facts tending to show that the person

asserting it at the time he made improvements on the land believed himself to be its owner, and had grounds for such belief such as would ordinarily be satisfactory to one unlearned in the law but of ordinary intelligence, after having made such inquiry as the law presumes every person desiring to buy land will make and as an ordinarily prudent man for his protection ought to make." Holstein v. Adams, 72 Texas, 485. We can not hold as a matter of law that appellee did not make his improvements in good faith because he held under a void tax title. Louder v. Schluter, 78 Texas, 103; Schleicher v. Gatlin, 85 Texas, 270.

The judgment of the District Court will be reversed and judgment here rendered in favor of appellant for the land in controversy, and the cause will be remanded to the lower court for the sole purpose that the question of good faith of appellee in making the improvements may be ascertained, and his rights if any, protected by such judgment as the facts may demand.

*Reversed and rendered as to title.*
*Remanded as to improvements.*

### ON MOTION FOR REHEARING.

It is contended, in effect, that appellant, having been notified by the citation by publication that he had been sued in the District Court of Grayson County for taxes in the sum of $1.72, was thereby notified that a foreclosure of the statutory lien was sought, because the District Court could not have assumed jurisdiction of a suit for that sum unless there was also a suit to foreclose a lien on real property. Appellant, being a resident of another State, was not charged with knowledge of the laws of Texas. Moreland v. Atchison, 19 Texas, 303. If it was necessary to ask for a foreclosure of the lien in the petition, it was necessary to notify appellant that such foreclosure had been asked. We do not suppose that it would be contended that the tax lien could be foreclosed unless it had been pleaded and there was a prayer of some kind justifying a foreclosure. Storrie v. Cortes, 90 Texas, 283. The motion is overruled.

*Overruled.*

Writ of error refused.