PAYNE & JOUBERT MACHINE & FOUNDRY CO. v. DILLEY.

(Court of Civil Appeals of Texas. Galveston. June 29, 1911. Rehearing Denied Oct. 26, 1911.)

1. APPEAL AND ERROR (§ 662*)—BILL OF EXCEPTIONS—QUALIFICATIONS BY TRIAL JUDGE—CONCLUSIVENESS.

Statements of the trial judge, contained in his qualifications to a bill of exceptions, must be taken as true by the court on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2850–2852; Dec. Dig. § 662.*]

2. TRIAL (§ 392*)—CONCLUSIONS OF FACT AND LAW—REQUESTS—SUFFICIENCY.

The filing of a written request for conclusions of fact and law, contained in a motion for time to prepare statement of facts and bills of exceptions, is not sufficient to require the judge to take notice of the request; but the party must present the request to the judge, by reading it to him or by stating that the motion contains the request, or he cannot complain of the failure to file conclusions.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 917; Dec. Dig. § 392.*]

3. TRIAL (§ 392*)—CONCLUSIONS OF FACT AND LAW—REQUESTS—SUFFICIENCY.

A request by a party for the filing of conclusions of fact and law, made on the tenth day after the adjournment of the term, need not be complied with.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 392.*]

Appeal from Anderson County Court; O. C. Funderburck, Judge.

Action by the Payne & Joubert Machine & Foundry Company against G. E. Dilley. From a judgment for defendant, plaintiff appeals. Affirmed.

W. R. Petty, for appellant. Campbell, Sewell & Strickland, for appellee.

PLEASANTS, C. J. This suit was brought by appellant against the appellee to recover the price of certain machinery sold appellee by appellant. The trial of the cause in the court below, without a jury, resulted in a judgment in favor of defendant, that plaintiff take nothing by its suit. Plaintiff filed a motion for new trial, which was heard and overruled by the court on June 27, 1910, to which ruling plaintiff excepted, and gave notice of appeal to this court.

On the same day appellant filed in the court below a written request that it be granted 30 days after adjournment of the court in which to prepare and file a statement of facts and bills of exception, and that the judge file his conclusions of fact and law. The court entered an order granting the 30 days for filing the statement of facts and bills of exception. On the 11th day of July, which was the tenth day after the adjournment of court, appellant's attorney inquired of the judge whether he had prepared and filed his conclusions of fact and law, and was informed that such conclusions had not been filed. No conclusions of fact and law were filed by the trial judge, and on July 25th the appellant presented to the judge a bill of exceptions to the failure of the judge to file such conclusions. This bill of exceptions and the judge's qualifications thereto are as follows:

"Plaintiff's Bill of Exceptions No. 3.

"Be it remembered that on the rendition of the judgment by the court in this cause, overruling plaintiff's motion for a rehearing and a new trial, during the April term of said court, to wit: On the 27th day of June, A. D. 1910, and immediately following the rendition of said judgment overruling plaintiff's motion for rehearing and a new trial, and prior to the expiration and final adjournment of the court on the 1st day of July, A. D. 1910, the said plaintiff, Payne & Joubert Machine & Foundry Company, caused to to be filed therein with the papers in said cause, and presented to the court, a written request in behalf of the plaintiff that the court and the judge thereof prepare and file with the papers and the clerk of the county court therein its findings of fact and conclusions of law, respectively, therein; that, the said court and the judge thereof having failed to comply with said request, the plaintiff on, to wit, the 11th day of July, A. D. 1910, the same being within 10 days follow-

ing the adjournment of said term of said court, called the court's attention to the failure of the court and the judge thereof to prepare and file its conclusions of law and findings of fact as requested, and requested the judge of said court to comply with said request and file among the papers in said cause and with the clerk of the county court its findings of fact and conclusions of law, but that said judge of said court failed to comply with said request, or to act thereon in any respect, or to file any of its findings of fact or conclusions of law thereon, during the said term or within 10 days after the final adjournment thereof, to which said several acts and omissions plaintiff desires to except, and prays that this be now taken and approved as his bill of exceptions thereto, and ordered filed as a part of the record in this cause.

"This the 25th day of July, A. D. 1910.
"W. R. Petty, Attorney for Plaintiff.

"This bill of exceptions examined and found correct, signed and approved, and ordered filed as a part of the record in this case.

"This the 26th day of July, 1910.
"――――――――, Judge.
"County Court, Anderson Co., Tex.

"The above bill is given, with this qualification and explanation, to wit: The request for the court to file his conclusions of law and fact was a part of a motion to be allowed 30 days from the adjournment of court in which to file statement of facts and bills of exceptions, and was not called to the attention of the court at the time, nor afterwards, until the 11th day of July, the last day on which such request might be complied with, at which time the attorney for plaintiff asked if the conclusions of law and fact had been prepared and filed. This was not in court, and I as the judge replied that such had not been done, and suggested that it was not necessary, and was under the impression that the suggestion was accepted and no request made. I did not know until yesterday that there was a written request incorporated in the motion for 30 days, etc.

"O. C. Funderburck, County Judge,
"Anderson County, Texas."

[1] From the statements of the judge, contained in his qualifications to the bill of exceptions, which we must accept as true, it appears that the request for the conclusions of fact and law contained in the written motion for 30 days' time within which to file a statement of facts and bills of exception was not called to the attention of the court, and the judge did not know that said motion contained this request until July 25th, which was 24 days after the adjournment of the court. It further appears that when the inquiry was made by appellant's attorney, on July 11th, the judge informed said attorney that no conclusions of fact and law had been

filed, and suggested that he did not think any was necessary, and he understood that the suggestion was accepted, and no request was then made that such conclusions be filed. Upon this statement we cannot hold that the judge was at fault in failing to file the conclusions.

[2] The filing of the written request for the filing of the conclusions, contained in the motion for 30 days' time in which to prepare statement of facts and bills of exceptions, was not sufficient to require the judge to take notice of such request; but it was the duty of appellant's attorney to present the request to the judge by reading it to him, or by stating to the court that the motion contained such request, and, having failed to do this, he will not be heard to complain of the failure of the judge to comply with the request of which he was not informed.

[3] If appellant's attorney had made a request for the conclusions on July 11, 1910, the court would not at that late date have been required to comply therewith. Kemp v. Everett, 126 S. W. 899.

The only assignment of error presented in appellant's brief complains of the failure of the trial judge to file conclusions of fact and law. From what we have above said, it follows that the assignment is without merit; and, this being the only question presented by the brief, the judgment of the court below must be affirmed, and it is so ordered.

Affirmed.