FINDLAY v. LUMSDEN. (No. 1350.)

(Court of Civil Appeals of Texas. Texarkana.
Nov. 21, 1914. Rehearing Denied
Dec. 3, 1914.)

1. JUDGMENT (§ 101*)—DEFAULTS—PLEADING
TO SUPPORT.

A petition good as against general demurrer will sustain a default judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 168–170; Dec. Dig. § 101.*]

2. JUDGMENT (§ 101*)—BY DEFAULT—PLEADING TO SUSTAIN.

In an action on notes, a petition which prayed for judgment against the "plaintiff"· for the sum due is not bad on general demurrer and will sustain a default judgment; the pleader obviously having used "plaintiff" when he meant to use "defendant."

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 168–170; Dec. Dig. § 101.*]

3. ATTACHMENT (§ 209*)—PROCESS—NOTICE.

Where the property of a nonresident was attached, a judgment foreclosing the attachment is not bad because neither the notice served upon nor the copy of the petition delivered to the nonresident showed that an attachment had been applied for, issued, or levied, or described the property attached.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 675–687, 690, 691; Dec. Dig. § 209.*]

4. JUDGMENT (§ 17*)—PROCESS TO SUSTAIN.

No personal judgment can be rendered against a nonresident upon whom constructive service was had, and whose property was attached.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 25–33; Dec. Dig. § 17.*]

Error from District Court, Morris County; W. T. Armistead, Judge.

Action by C. A. Lumsden against J. H. Findlay. There was a judgment for plaintiff, and defendant brings error. Reformed and affirmed.

Defendant in error was the plaintiff in the court below, and hereinafter will be so designated. His suit was on promissory notes in his favor made by plaintiff in error, who hereinafter will be referred to as defendant, for sums amounting to $500, besides interest. In his petition plaintiff alleged that defendant resided in the state of Tennessee. The prayer in said petition was as follows:

"Wherefore, premises considered, plaintiff prays that defendant be cited as a nonresident as provided by law, and on a trial of this cause he have judgment against plaintiff for the amount ·of said notes with interest and costs of suit, together with a foreclosure of attachment lien on any property of the defendant situated in the state of Texas seized under attachment by plaintiff herein, and such other relief both general and special as plaintiff may be entitled to in law or equity."

Notice of the filing of the suit was given to defendant November 27, 1913, by the delivery to him in said state of Tennessee of a notice issued November 24, 1913, as authorized by article 1869, Vernon's Sayles' Statutes, together with a certified copy of plaintiff's petition. The statement in the notice served on defendant of the nature of plaintiff's demand did not show that a part of the relief sought by plaintiff was the foreclosure of a lien he might acquire on property belonging to defendant by the levy of a writ of attachment thereon.

On the day, to wit, November 24, 1913, plaintiff filed his petition, he procured the issuance of writs of attachment, which thereafterwards, to wit, on December 1, 1913, and December 12, 1913, were levied on certain lands as property belonging to defendant.

Defendant having failed to answer the suit, judgment by default was, on December 16, 1913, rendered against him for the sum and interest sued for, and foreclosing the liens claimed to have arisen by the levy of the writs of attachment on the lands referred to, and directing the sale thereof in satisfaction of the judgment. Pending a sale of the land as so directed, this writ of error was sued out by defendant.

Chas. S. Todd, of Texarkana, for plaintiff in error. Mahaffey, Thomas & Hughes, of Texarkana, for defendant in error.

WILLSON, C. J. (after stating the facts as above). [1, 2] It will be noted that the prayer in the petition was for judgment against the *plaintiff* for the sum due on the notes. It is urged that the petition therefore was not sufficient to support the judgment by default against the *defendant*. The contention is overruled. So obvious an error on the part of the pleader could not have misled the defendant. And, besides, a petition good as against a general demurrer will sustain a judgment by default. Graves v. Drane, 66 Tex. 658, 1 S. W. 905; Matthews v. Boykin, 40 S. W. 845. It is plain the petition here was not subject to such a demurrer because of the mistake in question. It probably was not even subject to a special exception on that ground (1 Abbott's Trial Brief, p. 90); for the use of the word "plaintiff" was so manifestly an error, and the use of the word "defendant" so plainly intended instead, that the court should "give the pleading the force which the proper word would have given it if the mistake had not been made." Fry v. Colborn, 17 Ind. App. 96, 46 N. E. 351.

[3] Neither the notice nor the copy of the petition served on defendant showed either "that an attachment had been applied for, issued, or levied, nor described the property seized." It is insisted the notice, therefore, was not sufficient to support the judgment, so far as it foreclosed a lien claimed against the land levied upon. The law, it seems, is to the contrary of this contention. Milburn v. Smith, 11 Tex. Civ. App. 678, 33 S. W. 910. The case cited was one of trespass to try title. The plaintiffs were the heirs of Milburn, and, as such, claimed title to the land. The defendant, through mesne conveyances, claimed it under a sale made by virtue of an

execution issued on a judgment of a justice court against Milburn. Milburn, at the time the suit resulting in the judgment was instituted, and ever afterwards, was a resident of another state. The notice to him of the suit was by the publication in a newspaper of a citation to him as a person whose residence was unknown. In the citation no mention was made of an intention on the part of the plaintiff to sue out a writ of attachment. After the publication of the citation the plaintiff sued out such a writ on the ground that Milburn was a nonresident of the state, and had it levied on the land. The judgment against Milburn was by default. It recited the issuance and levy of the writ of attachment. It was insisted that the purchaser at the sale made by virtue of the execution issued on the judgment did not acquire the title to the land, because, among other reasons:

"The defendant was beyond the territorial jurisdiction of the court, and no jurisdiction over his person was obtained," and that "no jurisdiction to subject the land was acquired, because the publication of notice was made before the levy of the attachment, and at a time when the court had no jurisdiction of any character."

In support of the contentions made in that case it was asserted that the court acquired no sort of jurisdiction before the attachment was levied, and that the publication, made when there was no jurisdiction, could not be effective to convey notice to the defendant. In overruling the contentions, the court said:

"But the answer is that jurisdiction is acquired only by taking several steps—the institution of suit, the issuance and levy of the attachment, and the compliance with the law regulating publication of notice. Until these things, essential to jurisdiction, have all been done, the power to render judgment is not obtained. It cannot be said that the appropriate proceedings taken before attachment are void; for they are things required by law to give jurisdiction, as well as the attachment. All are essential, and when all have concurred, and not before, the power is complete. Property may be seized under the writ and brought within the power of the court; but where publication is required before judgment can be rendered, the court cannot proceed to judgment without it. The absence of the levy would defeat the notice, and the absence of the notice would defeat the attachment. The mere fact that one precedes the other, if this is authorized by the statute, and is due process of law, cannot prevent the jurisdiction from becoming complete when both concur. It is sometimes said that the question of jurisdiction is to be determined by the answer to the inquiry whether or not the court had power to take the first step. But, in cases like this, jurisdiction over the thing to be affected by the judgment does not arise until all of the steps which the law makes essential have been taken. To strike down any of the proceedings, because they were had before the power was rendered complete, would leave the court powerless to acquire jurisdiction at all. If the statute required the publication to follow the levy, it may be true that publication made before the levy would be ineffective, because it would not be a compliance with this requirement. But we find no such provision. The statute regulating attachments authorizes their issuance either at the commencement of the suit or at any time during its pendency (Rev. Stat. 1879, art. 154), and the same provision is made with reference to service of process by publication (Rev. Stat. 1879, art. 1235)."

After discussing the question further, the court, in the opinion quoted from, said:

"Unless required by statute, it certainly cannot be necessary to inform him (defendant) of the fact that his property has been seized; for the seizure is due process of law and gives notice of itself. Under our statute, both writs of attachment and citations by publication contain data by which they are connected with the suit in which they are issued, and with each other. A defendant, seeing one, can, by the information which it furnishes, easily find the other. One notifies of the character of the demand, the time and place when and where it will be heard, and when he shall present his defense; and the other informs him of the seizure of his property. They cannot, in the nature of things, be made exactly contemporaneous, in their execution; and the fact that one precedes the other is not a fundamental objection, and cannot, unless in violation of the statute, defeat the jurisdiction. * * * As to the proposition that, if issued before the attachment, the notice must show the purpose to attach, we think it is sufficient to say that, if publication before the levy does not charge defendant with notice, it would not inform him of such purpose, and, if it does notify him of its contents, it would inform him of the suit, and of the liability of his property, to attachment, and of its taking the subsequent seizure would inform him."

We have quoted at such length from the opinion in the Milburn Case because we think all that was there said is applicable to this case and conclusive of the contention made here.

[4] Plaintiff does not claim, and could not (Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565) that by the service of the notice on defendant in Tennessee the court acquired power to render a personal judgment against him for the amount due on the notes sued on. Therefore the judgment will be so reformed as to deny plaintiff a recovery on the notes, and to affirm it in all other respects.