LANE v. FIRST NAT. BANK OF GREENVILLE et al.   (No. 8242.)

(Court of Civil Appeals of Texas. Dallas. Oct. 18, 1919. Rehearing Denied Dec. 6, 1919.)

ATTACHMENT ⬤═◎209(4) — FORECLOSURE OF LIEN ON PROPERTY OF NONRESIDENT AFTER PERSONAL SERVICE.

An attachment lien on land of a nonresident defendant, duly served personally by notice as provided by statute, can be foreclosed, though the defendant was not informed by the nonresident notice served on him that foreclosure was sought.

Error from District Court, Hunt County; A. P. Dohoney, Judge.

Suit by the First National Bank of Greenville, Tex., against R. W. Lane and another. To review judgment for plaintiff by default foreclosing writ of attachment on the named defendant's land, he brings error. Affirmed.

---

⬤═◎For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

J. G. Matthews, of Greenville, for plaintiff in error.

Clark & Sweeton and L. L. Bowman, all of Greenville, for defendant in error.

RAINEY, C. J. Suit by defendant in error First National Bank of Greenville to recover on a promissory note for $1,348.65, interest at 10 per cent. per annum and 10 per cent. attorney's fees against J. C. Dial and R. W. Lane. The petition alleged the execution of the note by Dial and Lane, and that Dial was a resident of Hunt county, and that Lane was a nonresident, being a resident of California. Citation was issued to Hunt county and duly served on Dial. Citation was issued to California and duly served on Lane, the statutory notice for nonresidents being duly served on him. After the foregoing proceedings on October 26, 1917, plaintiff made an affidavit and executed a bond and caused an attachment against the property of R. W. Lane to issue, which was levied on the land of said Lane, situated in Palo Pinto county, Tex., and due return was made of said levy. On December 11, 1917, the cause coming on for hearing, and the defendants having failed to appear but made default, judgment was entered by default for the amount of the note, interest, attorney's fees, and foreclosing the writ of attachment on the said land. In serving Lane with nonresident notice, he was served with copy of plaintiff's petition charging for a recovery on the note as per its terms, but he was never notified of the suing out of a writ of attachment and its levy on his land. R. W. Lane on December 6, 1918, sued out a writ of error to this court which he perfected, and the cause is here for review as to him.

There are various assignments of error presented, which we have carefully examined; but we think none present reversible error.

The main contention in substance of appellant is that the nonresident notice served on Lane did not inform him that a foreclosure of an attachment lien was sought, or that the proper allegations for the recovery of attorney's fees were contained in the petition, and that the judgment rendered by default against him, he being a nonresident, was contrary to law and void. This contention we think should not be sustained. Several decisions of our Courts of Civil Appeals have passed upon the powers of the district courts in proceedings on the question of liability of nonresidents, and we think these holdings sustain the action of the district court in this case, to wit: Milburn v. Smith, 11 Tex. Civ. App. 678, 33 S. W. 910; Findlay v. Lumsden, 171 S. W. 818; Wilson v. Bank, 27 Tex. Civ. App. 54, 63 S. W. 1067. These decisions state the doctrine so clearly that judgment by default can be taken against a nonresident duly served personally by notice as provided by statute, and tne foreclosure of attachment lien on land without being informed of plaintiff's intention to seek a foreclosure is so convincing to us, that they are relied on for our holding as herein expressed.

The judgment of the district court is therefore affirmed.