## PANTAZE v. FOX–HEAD SPRING BEVERAGE CO. (No. 3756.)

Court of Civil Appeals of Texas. Texarkana. Dec. 13, 1929.

Rehearing Denied Jan. 16, 1930.

E. G. Senter, of Dallas, for plaintiff in error.

Peyton A. Ellison, of Dallas, for defendant in error.

WILLSON, C. J. (after stating the case as above). Several errors in the judgment are "apparent upon the face of the record." Article 1837, R. S. 1925. In the first place, it appears in the record that it was by default and rendered on October 2, 1928, the first day of the term of the court to which the suit was brought. The beverage company was not in any event entitled to such a judgment before the second day of that term. Articles 2152 and 2154, R. S. 1925; 34 C. J. 180; 15 R. C. L. 665. In the second place, the court undertook in it to foreclose the lien of the attachment levied on the land and to provide for the sale of the part thereof necessary to create a fund sufficient to satisfy the sum he adjudged in favor of the beverage company. It is expressly provided in the statute (article 301, R. S. 1925) that, when an attachment issued from a county court is levied upon land, "no order or decree [quoting] foreclosing the lien thereby acquired shall be necessary, but the judgment shall briefly recite the issuance and levy of such attachment, and such recital shall be sufficient to preserve such lien. The land so attached may be sold under execution after judgment, and the sale thereof shall vest in the purchaser all the estate of the defendant in attachment in such land, at the time of the levy of such writ of attachment." In the third place, it is for a sum $20.22 in excess of the amount warranted by the allegations in the petition. The errors in the judgment, so far as it undertakes to foreclose the attachment lien, and so far as it is for an excessive amount, might be corrected here, but the error in the other respect cannot be, but requires a reversal of the judgment and a remanding of the cause to the court below for a trial on its merits.

■ In view of such a trial, we say with reference to such of Pantaze's contentions as are likely to arise then, that we think the trial judge did not err in holding that the beverage company could sue Pantaze in his court as it did (7 R. C. L. 1035), and did not err in holding that the account sued upon was an open one within the meaning of article 3736, R. S. 1925. 1 Texas Jur. 306.

On Motion of Defendant in Error for a Rehearing.

■ In the motion attention is called to the fact that the act of 1923 (Gen. Laws 38th Leg. p. 40) providing that a term of the county court of Dallas county at law which rendered the judgment in question here should begin on the first Monday of October, though not carried into the Revised Statutes of 1925, was continued in force by the provision in article 1970 of said Statutes. And in said motion attention is also called to the fact that in 1928, when said judgment was rendered, the first Monday in October was the first day of that month. It is insisted this court was chargeable with knowledge of both of those facts, and therefore was bound to know that the recital in the transcript of the record filed here that the term of said county court at law began October 2 was a mere clerical error. We agree this court was chargeable with such knowledge, and that we therefore erred when we reversed the judgment on the ground that it appeared it was rendered on the first day of the term of the court, whereas a judgment by default could not lawfully be rendered before the second day of the term.

■ Several contentions made by plaintiff in error were not considered when the judgment was reversed November 28, 1929, because, as was stated in the opinion, it was not thought they were likely to arise on another trial. One of those contentions was that the judgment was unauthorized and void because rendered without sufficient notice to Pantaze. The facts with reference to that phase of the case were that there was nothing in the beverage company's petition showing it had applied for or intended to apply for the issuance of a writ of attachment against Pantaze's property in Texas, nor was there anything in the notice (which was accompanied by a copy of said petition) served on Pantaze in Alabama showing anything whatever about the issuance and levy of such a writ on said property. The only notice to said Pantaze of the issuance and execution of the writ was that furnished by the levy thereof on his property. Plaintiff in error insists such notice was insufficient, and cites Netzorg v. Green, 26 Tex. Civ. App. 119, 62 S. W. 789, and Connell v. Nickey (Tex. Civ. App.) 167 S. W. 313, as cases supporting its contention; and we think the one first mentioned does, but the question was not decided in the other case. It was decided, and contrary to plaintiff's contention, in Milburn v. Smith, 11 Tex. Civ. App. 678, 33 S. W. 910, Findlay v. Lumsden, 171 S. W. 818, by this court, and Mann v. Brown, 201 S. W. 438. We thought the holdings in the Milburn Case correct when we followed it in deciding the Findlay Case, still think so, and therefore overrule plaintiff in error's contention.

■ Another contention presented by Pantaze when the record was first before us was that the trial court committed error entitling

him to a reversal of the judgment when it failed to comply with his request that it reduce to writing and file its findings of fact and conclusions of law on the hearing of the motion for a new trial. It appears from the court's qualification of the bill of exceptions that the request for such findings and conclusions was not made until the afternoon of the ninth day after the court adjourned for the term, so that the court could not, he said, comply with the request within the ten days allowed by the statute. Articles 2208 and 2247, R. S. 1925. Under such circumstances we do not think the failure of the court to comply with the request should be treated as error requiring a reversal of the judgment—especially so as it does not appear likely any right of Pantaze's was prejudiced by such refusal. Russell v. Lehman (Tex. Civ. App.) 300 S. W. 105; Foundry Co. v. Dilley (Tex. Civ. App.) 140 S. W. 496.

The statement in the opinion heretofore filed, that the trial court was without power to foreclose the lien of the attachment on the land levied upon, was error due to the failure of the writer to note that the Supreme Court in construing article 268, Vernon's Ann. Civ. St. 1914, being article 301 of the Revised Statutes of 1925, had held that a county court had such power. Baker v. Pitluk, 109 Tex. 237, 205 S. W. 982.

Other contentions were urged by plaintiff in error when the record was first before us, but we think none of them should be sustained.

The order of this court reversing the judgment of the court below and remanding the cause for a new trial will be set aside, said judgment will be so reformed as to award the beverage company a recovery of the amount adjudged in its favor, less an excess therein of $20.22, and, as so reformed, will be affirmed.