## CHAS. D. PANTAZE v. FOX HEAD SPRING BEVERAGE CO.

No. 5713. Decided April 1, 1931.

(37 S. W., 2d Series, 724.)

E. G. Senter, for appellant.

*Peyton A. Ellison,* for appellee.

Mr. Presiding Commissioner SHORT delivered the opinion of the court.

This suit involves a claim by the defendant in error against the plaintiff in error of $402.65, besides interest and cost. The defendant in error is a Wisconsin private corporation and the plaintiff in error is a resident citizen of the state of Alabama. On September 11, 1928, defendant in error filed its petition in the county court of Dallas county, properly alleging the respective residences of the parties and that the plaintiff in error had incurred an indebtedness, which he had failed to pay, on account of the purchase of certain goods, wares and merchandise, and the prayer was that the defendant in error recover from the plaintiff in error a judgment for the principal debt, interest, cost of the suit and for general relief. On September 13, 1928, the defendant in error, through its agent and attorney, filed an affidavit in due form, as prescribed by the law relating to attachment and also on the same day filed the bond prescribed by that law. The plaintiff in error was served with a notice, as prescribed by articles 2037, 2038, R. S., 1925. On the second day of October, 1928, judgment by default was rendered in favor of the defendant in error against the plaintiff in error, based on the demand stated in the petition, in which it is recited that a writ of attachment previously issued in the cause was on the 17th day of September, 1928, levied upon certain real estate in the city and county of Dallas, and after describing the real estate an attachment lien was fixed on said property as of the date of the levy and the same order foreclosed the lien and an order of sale commanded to be issued for so much of the property as may be necessary for the satisfaction of the judgment. On October 22, 1928, the plaintiff in error filed his motion for a new trial, which was amended on November 27, 1928, based chiefly upon the ground that the county court of Dallas county was without jurisdiction to render said judgment and incidentally alleging that the claim of the defendant in error was barred by the statute of limitation of two years. The court overruled this motion and the case was carried to the Court of Civil Appeals where the judgment was reformed and affirmed. 23 S. W. (2d) 514.

The writ of error was granted on account of alleged conflicts between this case and that of Netzorg v. Geren, 62 S. W., 789, and another. The several propositions under the first assignment of error are to the effect that the judgment of the trial court was void because the petition or the notice served upon the plaintiff in error, accompanying the certified copy of the petition, did not embrace any statement with reference to the issuance and service of the writ of attachment, but only indicated that a personal judgment was sought by one non-resident against another in the county court of Dallas county. The other assignments of error, germane to this subject, are to the same effect. The cast of Netzorg v. Geren,

supra, and perhaps that of Connell v. Nickey (Texas Civ. App.), 167 S. W., 313, do sustain the contention of the plaintiff in error, but the weight of the authorities in Texas is against this contention. In Milburn v. Smith, 11 Texas Civ. App., 678, 33 S. W., 910, Judge Williams, who was afterwards a member of the Supreme Court, while a member of the Court of Civil Appeals, rendered a very elaborate opinion on this subject. In that case the facts, while somewhat different from the facts in this case, presented for decision the identical question involved in this case. In Milburn v. Smith it was held that where an attachment was issued and levied on land *after* the publication of citation was complete and before the return day of the citation the court had jurisdiction to render judgment by default. The citation in this case was in the form of a notice prescribed by article 2037, while the citation in the case of Milburn v. Smith was by publication by virtue of article 2039. However, we are of the opinion that the difference in the character of the citation issued and served in this case and that in the case of Milburn v. Smith is not material. The plaintiff in error contends that the issuance and levy of the attachment must have been coincident with the filing of the petition in order to give the court jurisdiction. Under the authority of Milburn v. Smith, supra, and of Lane v. First National Bank of Greenville (Texas Civ. App.), 216 S. W., 490, wherein a writ of error was denied and which cites Milburn v. Smith with approval, and of Mann v. Brown (Texas Civ. App.), 201 S. W., 438, wherein a writ of error was also refused, we feel justified in reaching the conclusion that the cases cited by plaintiff in error as being in conflict with the decision in this case should be overruled. We think the reasoning, as well as the conclusion of Judge Williams, in Milburn v. Smith, sufficiently elucidates the question under discussion and we therefore affirm the judgment of the Court of Civil Appeals.

The foregoing opinion is adopted as the opinion of the Supreme Court, and judgment will be entered in accordance therewith.

C. M. Cureton, Chief Justice.